*In re* UNITED STATES MERCANTILE REPORTING & COLLECTING ASS'N, Limited.

(*Supreme Court, General Term, First Department.* March 29, 1889.)

CORPORATIONS—CORPORATE NAME—INFRINGEMENT.

> The "United States Commercial Agency & Collecting Company," a name sought to be used by petitioner, a corporation engaged in the same business as respondent, the "United States Mercantile Reporting Company," is an infringement of respondent's name.

Appeal from special term, New York county.

Argued before VAN BRUNT, P. J., and BARTLETT, J.

*William F. MacRae,* for appellant. *Benedict S. Wise,* for respondent.

BARTLETT, J. In 1875 the appellant was incorporated under the laws of this state as the "United States Mercantile Reporting Company." In 1887 the respondent was incorporated under the laws of this state as the "United States Mercantile Reporting & Collecting Association, Limited." Both corporations appear to have carried on substantially the same business, which was that of ascertaining the financial standing of mercantile men throughout the United States, and issuing reports with reference thereto to their customers for com-

pensation. Soon after the incorporation of the respondent, the appellant brought an action against it in the superior court of the city of New York to enjoin the repondent herein from using its name of the "United States Mercantile Reporting & Collecting Association, Limited," on the ground that the use of such corporate name was an infringement and a wrongful imitation of the name of the "United States Mercantile Reporting Company." In this suit the United States Mercantile Reporting Company was successful; and a judgment was entered, from which no appeal has ever been taken, enjoining the defendant in that suit—the petitioner and respondent here—from calling itself the "United States Mercantile Reporting & Collecting Association, Limited." Subsequently the corporation thus enjoined applied to this court at special term for an order authorizing it to assume another corporate name, to-wit, the "United States Mercantile Agency & Collecting Company, Limited." This application was denied by Mr. Justice BARRETT, on the ground that it would not be just to the United States Mercantile Reporting Company to permit the petitioner to call itself the "United States Mercantile Agency & Collecting Company." He intimated, however, that if it had proposed to change its name to the "United States Commercial Agency & Collecting Company," a different question would have arisen. Thereupon the petitioner made a second application under the statute for leave to change its name, and an order was made by Mr. Justice ANDREWS permitting it to adopt the title of the "United States Commercial Agency & Collecting Company." From this order the United States Mercantile Reporting Company now appeals.

If the petitioner is to be allowed to continue to do business at all, it is plain that it must assume some new designation, for it has been prohibited by the judgment in the superior court from any longer using its original name. But in authorizing it to assume a new title the court should be careful not to sanction the selection of any appellation which will be likely to do injury to other existing corporations, or to lead to confusion by reason of the similarity of the proposed name to other corporate names already in use. The petitioner has been legally restrained from using the name which it originally adopted. It has been refused permission to use the second name which it proposed for itself. In each case it was the opinion of the court that the name could not be employed without doing wrong to the appellant, the United States Mercantile Reporting Company. In our opinion, that corporation will be very likely, if not certain, to suffer injury if the petitioner is allowed to do business under the name of the "United States Commercial Agency & Collecting Company," as authorized by the order of the court below. Mr. Justice BARRETT was entirely right in refusing the petitioner leave to change its name to the "United States Mercantile Agency & Collecting Company." The present title differs from that then proposed only in the substitution of the word "Commercial" for "Mercantile." As adjectives qualifying the noun "Agency," there is no material distinction between the meaning of these words as ordinarily understood. A "commercial agency" is the same thing as a "mercantile agency." It is only when the court is satisfied that there is no reasonable objection to the proposed change in a corporate name that it is empowered to make an order authorizing the alteration. Laws 1870, c. 322, § 3. There are objections in this case which we deem not only reasonable, but controlling. The course pursued by the petitioner, both in adopting the title which it originally assumed, and in its first application to the court to change that name, strongly indicates an intent to imitate the name of the appellant as closely as might be without actually appropriating it. It is doubtless true that no exclusive right can be obtained to the use of the words "United States," or any other general geographical designation; but the use of these words in connection with others already appropriated as the title of another corporation may be unlawful. It can hardly be contended in the present case that there are not other names which would just as well indicate that the respondent was

doing or intended to do a general business throughout the country, and we do not think its persistence in the effort to assume and retain a name closely resembling that of the appellant, in meaning, if not in form, should receive judicial approval. The order appealed from should be reversed, but, as the application appears to have been based upon what was supposed to be a suggestion in the opinion of Mr. Justice BARRETT, the reversal should be without costs.

VAN BRUNT, P. J., concurs.