[No. 12006. Department Two. July 27, 1914.]

The State of Washington, *on the Relation of Charles H. Collins, Plaintiff*, v. I. M. Howell, *Secretary of State, Respondent*.[1]

Corporations—Name—Filing Articles—Duty of Secretary of State. Where the name of a proposed corporation is so similar to that of corporations lawfully doing business in the state as to lead to possible confusion, it is the duty of the secretary of state to reject the offered articles of corporation, under Rem. & Bal. Code, § 3680, providing that no corporation shall take the name of a corporation theretofore organized, nor one so nearly resembling the name of such other corporation as to be misleading; and the proposed name "Kennewick Fruit Exchange" is so similar to the name "Kennewick District Fruit Growers' Association" as to be misleading.

Application filed in the supreme court April 22, 1914, for a writ of mandamus to compel the secretary of state to file articles of incorporation. Denied.

*M. M. Moulton*, for relator.

*The Attorney General* and *Edward W. Allen, Assistant* (*William Jennings Coyle*, of counsel), for respondent.

Mount, J.—This proceeding is brought by the relator to obtain a writ of mandate to require the secretary of state to file articles of incorporation for the "Kennewick Fruit Ex-

[1]Reported in 142 Pac. 1157.

change," and to issue a license authorizing it as a corporation to do business in the state of Washington.

The facts are not in dispute. It appears that the relator, with others, desiring to organize a corporation under the laws of the state of Washington, adopted articles designating the name of the corporation as "Kennewick Fruit Exchange," These articles of incorporation were presented to the secretary of state, together with the filing fee and the annual license fee. The secretary of state refused to file the articles or to issue the license, for the reason that the name "Kennewick Fruit Exchange," in his judgment, so nearly resembled the names of other corporations, already organized and doing business under the laws of the state, as to be misleading. It appears that, at the time the articles were offered to be filed, there were corporations lawfully doing business in the state under the following names: "Kennewick Fruit-Land Company;" "Kennewick District Fruit Growers' Association;" and "Kennewick Fruit & Produce Company."

The statute, Rem. & Bal. Code, § 3680 (P. C. 405 § 11), provides as follows:

"No corporation shall take the name of a corporation theretofore organized under the laws of this state, nor of any foreign corporation having complied with the laws of this state, nor one so nearly resembling the name of such other corporation as to be misleading. The secretary of state shall refuse to file said articles of incorporation of any association or corporation violating the provisions of this section."

It is argued by the *Attorney General* that, under this section, it was the duty of the secretary of state to exercise his judgment or discretion, and that this court will not review the judgment or discretion of an executive officer except for abuse thereof. A number of authorities are cited to that effect. But without deciding that question, we may assume, for the purposes of this case, that it is the duty of the secretary of state to exercise his judgment and discretion and his acts in this respect may be reviewed, both for mistake and for

abuse.  It does not necessarily follow that the officer has been mistaken or has abused his discretion in this case.

The relator argues that "Kennewick Fruit-Land Company," as shown by its articles on file in the office of the secretary of state, is not engaged in the fruit business, which is the business the "Kennewick Fruit Exchange" desires to engage in, but is strictly a land company.  That "Kennewick Fruit & Produce Company," as shown by its articles of incorporation, is purely a retail grocery and implement company.  While it is conceded that "Kennewick District Fruit Growers' Association" is engaged in the same line of business that the "Kennewick Fruit Exchange" seeks to enter.  But it is clear that, under the statute, the name of the corporation alone must control the secretary of state.  For the statute provides that no corporation shall take the name of a corporation theretofore organized, nor one so nearly resembling the name of another corporation as to be misleading.  It is not the duty of the secretary of state, under this section, to inquire into the character of the business.  It is his duty only to inquire into the similarity of the names and if, in his judgment, the names so nearly resemble each other as to be misleading, it is his duty to reject the offered articles of incorporation.  We are also satisfied that the proposed name so nearly resembles the name "Kennewick District Fruit Growers' Association" as to be misleading.

In *Eureka Fire Hose Co. v. Eureka Rubber Mfg. Co.*, 69 N. J. Eq. 159, 60 Atl. 561, where these two companies were engaged in the same business, it was held that the names were so similar as to lead to uncertainty or confusion.  In *Lamb Knit-Goods Co. v. Lamb Glove & Mitten Co.*, 120 Mich. 159, 78 N. W. 1072, 44 L. R. A. 841, it was held that the names were so similar as to be misleading.  In *Merchants' Detective Ass'n v. Detective Mercantile Agency*, 25 Ill. App. 250, it was held that the names were so similar as to be misleading.  In *In re United States Mercantile Reporting & Collecting Ass'n, Limited*, 4 N. Y. Supp. 916, the name "United States Com-

mercial Agency & Collecting Company" was held to be an infringement of the name "United States Mercantile Reporting & Collecting Ass'n, Limited."

Under the rule adopted in those cases, we are satisfied the secretary of state correctly decided that "Kennewick Fruit Exchange" so nearly resembled the name of "Kennewick District Fruit Growers' Association" as to be misleading and cause confusion.

The writ is therefore denied.

CROW, C. J., PARKER, MORRIS, and FULLERTON, JJ., concur.