Rule et al. *v.* Price et al. (et al., Appellant).

Ryan *v.* Price et al. (et al., Appellants).

Argued May 28, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*John P. Connelly,* for appellants.

*Abraham Friedman,* with him *Samuel Handler,* for appellees.

OPINION BY MR. JUSTICE STERN, June 26, 1936:

This case arises from the attempt of three Delaware corporations, namely, F. E. Nugent Funeral Home, Inc., Peter H. Markmann Funeral Home, Inc., and William A. Dunlap Funeral Director, Inc., to gain permission to carry on the business or profession of undertaking in the State of Pennsylvania. In February, 1935, they obtained from the secretary of the Commonwealth, in accordance with section 1001 of the Business Corporation Law of May 5, 1933, P. L. 364, certificates of authority to conduct such business within the State. At the same time they made application to the State Board of Undertakers for corporation licenses to practice undertaking, alleging that all their officers were duly licensed undertakers actively engaged in the conduct of the business of their respective corporations as required for registration by section 13 of the Act of June 10, 1931, P. L. 485. The present bills in equity were filed against the State Board of Undertakers, and the corporations as parties defendant, to enjoin the issuance of such licenses and the registering of the corporations. The court below granted the relief prayed for; the corporations have appealed.

Neither by its title nor its provisions does the Act of 1931 refer to or authorize the licensing of corporations to conduct the business or profession of undertaking. As correctly held by the court below, the act deals with the licensing only of persons. Without entering upon a consideration of the subject in detail, which is unnecessary in view of the passage of the Act of June 21, 1935, P. L. 398, hereinafter discussed, it is sufficient to say that the provisions of the Act of 1931 in regard to the examination and the qualifications of applicants indicate that it was not conceived nor intended by the legislature that corporations should be authorized to practice undertaking in Pennsylvania.

It is true, as pointed out by appellants, that section 13 of the Act of 1931 provides as follows: "The provisions of this act shall not be construed as preventing the conducting of the business or profession of undertaking by a corporation heretofore licensed; or by a corporation, all the officers of which are duly licensed undertakers actively engaged in the conduct of the business of said corporation if such corporation is registered by and conforms with such rules and regulations as the board may prescribe with relation thereto." The appellants, however, were not "heretofore licensed." As to the provision for registering corporations whose officers are duly licensed undertakers, the Act of 1935 now prevents appellants from consummating such registration. It provides that "the board shall not hereafter issue licenses to, nor register any corporation, nor shall any corporation be permitted to conduct the business or profession of undertaking which has not already been licensed and registered." Appellants claim that they had obtained registration before the passage of this act, basing their contention upon the fact of their applications for corporation licenses and upon an undated letter to the assistant director of corporations by the secretary of the State Board of Undertakers stating that "The Articles of Incorporation are herewith approved." This letter was obviously in error in referring to "articles of incorporation," since the only application to the state department had been on behalf of these foreign corporations for certificates of authority to transact their business in Pennsylvania; it was evidently intended to carry out the provisions of section 206 B of the Business Corporation Law of 1933. That section relates only, however, to domestic corporations applying for incorporation, and it was not until the passage of the amendatory Act of July 17, 1935, P. L. 1123, that a similar provision was made with reference to a foreign corporation applying for a certificate of authority. It is clear that neither the applications for

the licenses nor the letter in question constituted an actual registration of appellants by the State Board of Undertakers in accordance with section 13 of the Act of 1931. That section contemplates a formal registration by the board and conformity with the rules and regulations prescribed by it in relation thereto, and there is nothing in the record of the present case to indicate that such registration by the board was ever effected.

Appellants contend that the Act of 1935 is unconstitutional as allegedly violating the 14th Amendment to the Constitution by depriving them of property without due process of law. No such deprivation occurred as a result of the act. Appellants had never been engaged in business within the State of Pennsylvania and owned no property therein. The certificates of authority given them by the secretary of the Commonwealth do not themselves constitute such "property." It is established by an unbroken line of decisions of the Supreme Court of the United States* that a corporation can transact business in a state other than that of its domicile only with the consent of such state, which consent may be given upon such conditions as the state may see fit to impose. The only limitation upon the conditions accompanying the consent is that they must not be repugnant to the Constitution of the United States. Thus, in *Louis K. Liggett Co. v. Baldrige,* 278 U. S. 105, it was held that a foreign corporation which was the owner of property within the state and extensively engaged in transacting business therein, could not constitutionally be made the subject of a restriction under a state act, the effect of which was to prevent it from owning and conducting further stores except on conditions which the court regarded as arbitrary and not

---

* *Allgeyer v. Louisiana,* 165 U. S. 578; *Blake v. McClung,* 172 U. S. 239; *Security Mutual Life Insurance Co. v. Prewitt,* 202 U. S. 246; *National Council U. A. M. v. State Council,* 203 U. S. 151; *Hammond Packing Co. v. Arkansas,* 212 U. S. 322; *Baltic Mining Co. v. Massachusetts,* 231 U. S. 68.

justified as a valid exercise of the police power. The distinction between such a case, where the foreign corporation is already established within the state by the ownership of property and the actual doing of business there, and a case in which property and business rights have not previously existed, is fully discussed in *F. E. Nugent Funeral Home, Inc. v. Beamish,* 315 Pa. 345. The Act of 1931 is entitled, "An Act to provide for the better protection of life and health of the citizens of this Commonwealth," etc.; the first act on the subject, that of June 7, 1895, P. L. 167, was entitled, "An Act to provide for the better protection of life and health by diminishing the danger from infectious and contagious diseases," etc. These acts are an exercise of the police power of the Commonwealth: *Commonwealth v. Hanley,* 15 Pa. Superior Ct. 271; *Commonwealth v. Markmann, Jr.,* 114 Pa. Superior Ct. 29, 37. The fact that in the present case certificates of authority were granted by the state department does not affect the situation, because not only were they useless to applicants if not accompanied by the requisite licenses or registrations under the Act of 1931, but also, subject to the limitations above expressed, the state has the same right to revoke a certificate of authority as it had to refuse to grant it in the first instance: *Security Mutual Life Insurance Co. v. Prewitt,* 202 U. S. 246, 257; *National Council U. A. M. v. State Council,* 203 U. S. 151, 163; *Hammond Packing Co. v. Arkansas,* 212 U. S. 322, 343. Nor can the constitutionality of the Act of 1935 be successfully challenged by reason of the fact that it prevents future licensing and registration of corporations conducting the business or profession of undertaking, but without taking away the rights of such corporations already licensed or registered: *Sperry & Hutchinson Co. v. Rhodes,* 220 U. S. 502.

The decree of the court below is affirmed; costs to be paid by appellants.

Appeal dismissed, March 1, 1937. *Peter H. Markmann Funeral Home, Inc., v. John J. Ryan,* 300 U. S. 000.