Horowitz, Appellant, *v.* Beamish.

Argued May 28, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*F. Brewster Wickersham,* of *Metzger & Wickersham,* and *Gabriel D. Weiss,* for appellant.

*Adrian Bonnelly,* Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General and *Harry Polikoff,* Deputy Attorney General, for appellee.

*Harry A. Kalish,* of *Murdoch, Paxton, Kalish & Green,* for intervenor.

OPINION BY MR. JUSTICE LINN, June 26, 1936:

The appellant, Horowitz, applied under the Act of June 8, 1893, P. L. 345, as amended, 12 PS section 1911 et seq., for a writ of mandamus to require the secretary of the commonwealth to receive an application[1] for and to issue a certificate of authority to Keystone State Moving Picture Operators Association, a foreign corporation, pursuant to the nonprofit corporation law of May 5, 1933, P. L. 289, 15 P. S. section 2851—1 et seq.

The return set forth that the Keystone State Moving Picture Operators Association had failed to comply with the nonprofit corporation law in the following respects: "(a) By including as part of the corporate name in violation of section 202 of the Act the word 'State.' (b) The corporate name, in violation of Section 202 B 1, of the Act, is deceptively similar to the

---

[1] In the application it was said that "The character and nature of the business the corporation proposes to do within this Commonwealth is: To foster, protect, promote and advance the welfare and interests of moving picture operators and projectionists by such means and in such manner as may from time to time be deemed advisable and advantageous."

name of 'The Keystone State Theatrical Stage Employes and Motion Picture Machine Operators Union, Inc.,' a corporation of the first class registered under the provisions of the Act of May 5, 1933, P. L. 289, on January 21, 1934. (c) The application for the certificate of authority contrary to the provisions of Section 4 of the Act sets forth a business for which a domestic non-profit corporation cannot be formed under the laws of this Commonwealth, namely, a beneficial, benevolent or fraternal society and a business involving pecuniary profit to its members." A stipulation of facts was made. The case was heard and the petition was dismissed for reasons stated in the opinion of the learned court below, reported in 40 Dauphin County Reporter 336, 22 D. & C. 545. The statute required the secretary of the commonwealth, in the first instance, to determine whether the petition showed that an applicant was entitled to a certificate. He could have been compelled by mandamus to perform that duty. The complaint now is about the conclusion at which he arrived. "Where a person or body is clothed with judicial, deliberative or discretionary powers, and he or it has exercised such powers according to his or its discretion, mandamus will not lie to compel a revision or modification of the decision resulting from the exercise of such discretion, though, in fact, the decision may have been wrong": *Runkle v. Commonwealth*, 97 Pa. 328, 332. See also *Com. v. McLaughlin*, 120 Pa. 518, 14 A. 377; *Reese v. Board of Mine Examiners*, 248 Pa. 617, 622, 94 A. 246; *Com. ex rel. Short v. Woodward, County Controller*, 84 Pa. Superior Ct. 124; *Com. ex rel. Snyder v. Mitchell*, 82 Pa. 343. If determining whether the title contained the word "State" was ministerial, the decision that the title was deceptively similar to that of another corporation involved the exercise of judgment. The appellant has shown no fraudulent or arbitrary disregard of duty on the part of the secretary or any mistake in application of the law to the facts.

Section 202, 15 P.. S. section 2851-202, provides that the title of a domestic corporation "shall not contain the word . . . 'State' . . . "; section 902 (3), 15 P. S. section 2851-902, that a certificate to a foreign nonprofit corporation may not be issued "If the name of the corporation contains words not permitted by this act to be part of the name of a domestic nonprofit corporation." The corporate title sought to be registered conflicted with the act.

We agree that the name of the corporation bears deceptive similarity to that of the corporation already registered, as set forth in the second reason, and justifies the refusal of the certificate; see *American Clay Mfg. Co. v. American Clay Mfg. Co. of N. J.,* 198 Pa. 189, 47 A. 936; *Brooks Clothing Co. v. Flynn, Secretary of State,* 232 App. Div. 346, 250 N. Y. S. 69; *State ex rel. Collins v. Howell,* 80 Wash. 649, 141 P. 1157.

We do not pass on the third reason because the record does not sufficiently inform us of the nature of the business of this corporation.

. One of the grounds on which the learned court below first dismissed the petition was that Horowitz had no "interest in the result," was not a person "beneficially interested," and was therefore not within the requirements of sections 2 and 3 of the Mandamus Act of 1893, supra. We agree with that conclusion. After the petition was dismissed, the corporation itself asked leave to amend by becoming petitioner instead of Horowitz. The court disposed of this application, without considering it necessary to pass on the allowance of the amendment, by saying that, in view of the substantive objections to registration already announced, its conclusions would be the same if the amendment were allowed, and therefore discharged the rule to show cause: 41 Dauphin County Reporter 308. In the circumstances, this phase of the subject need not be discussed.

Appellant also suggests that having registered as a foreign corporation under the Act of June 8, 1911, P. L.

710, 15 P. S. section 3141 et seq., it acquired rights of which it cannot be deprived. We do not understand that it has been deprived of any rights. The nonprofit corporation law is a comprehensive regulation of the general subject; it deals with and regulates all domestic corporations of that character heretofore or hereafter incorporated, as well as foreign corporations; all are subject to the same regulations. There is no discrimination against foreign corporations. See *Nugent Funeral Home v. Secretary,* 315 Pa. 345, 173 A. 177, and cases cited.[2]

While not passing on the third objection recognized by the court below, we may add that section 3(c) of the Act of 1933, 15 P. S. section 2851-3, provides "Every foreign nonprofit corporation heretofore admitted to do business in this Commonwealth, which, if now seeking admission, would be required to comply with the provisions of this act, shall, within ninety days after the effective date of this act, secure a certificate of authority from the department of state and shall thereafter be subject to the provisions of this act." If foreign corporations (not engaged in interstate commerce) were permitted to engage in a business here prohibited to domestic corporations, parties incorporating in other states would have advantages withheld from our own residents, and by means of such foreign charters might

---

[2] In *National Council U. A. M. v. State Council,* 203 U. S. 151, at p. 163 the court said: "But when the so-called property consists merely in the value that there might be in extending its business or membership into a State, that property, it hardly needs to be said, depends upon the consent of the State to let the corporation come into the State. The State of Virginia had the undoubted right to exclude the Pennsylvania corporation and to forbid its constituting branches within the Virginia boundaries. As it had that right before the corporation got in, so it had the right to turn it out after it got in. *Security Mutual Life Ins. Co. v. Prewitt,* 202 U. S. 246." See also *Hammond Packing Co. v. Arkansas,* 212 U. S. 322; *Allgeyer v. Louisiana,* 165 U. S. 578; *Blake v. McClung,* 172 U. S. 239.

evade the policy of our law designed to protect from the evils of unregulated corporate activity, such residents as could be induced to deal with such corporations. This the statute aims to prevent.

Order affirmed at appellant's costs.