## Commonwealth v. The American Sugar Refining Co.

*Alton W. Lick*, of *Hause, Storey & Lick*, for appellant.

*Frank A. Simon*, Deputy Attorney General, and *Claude T. Reno*, Attorney General, for Commonwealth.

HARGEST, P. J., July 14, 1941.—This case comes before us upon a motion to quash the appeal.

Defendant company, a foreign corporation, filed its report for a franchise tax for the 12 months ending December 31, 1936, and accompanied the report by a payment into the State Treasury of the sum of $299.54, which the officers of the company calculated was due and required under the law to be paid. Subsequent to the filing of the report, the Commonwealth made a settlement showing no tax due. The appellant corporation, within the time limited by law, filed a petition for

resettlement and requesting a settlement to be made at the amount in which there was liability under the law, which petition for resettlement was refused. The company then filed a petition for review, which was refused.

The questions raised in the appeal are that the appellant is within the class of corporations made taxable by law, and "was in fact doing business in Pennsylvania and employed tangible property therein and derived gross receipts therefrom," and that the settlement appealed from is unconstitutional, because by the arbitrary action of the fiscal officers "Appellant is prejudiced and placed at a disadvantage with those corporations taxed in that by said settlement, residents of Pennsylvania are led to believe that the capital stock of appellant will be subject to State and county personal property taxes, and thus placing appellant at a disadvantage in raising capital in Pennsylvania."

The precise question raised is whether a corporation, against which no franchise tax has been settled by the accounting officers, may appeal, pursuant to section 1104 of The Fiscal Code of April 9, 1929, P. L. 343, 72 PS §1104.

That section provides, inter alia:

"Any person, association, corporation, public officer, or other debtor, aggrieved by the decision of the Board of Finance and Revenue, or by the board's failure to act . . . , may within sixty (60) days, appeal to the court of common pleas of Dauphin County. . . ."

The Commonwealth contends that the company, not having been subjected to any pecuniary tax by the settlement, may not appeal under the language of this section.

In Stratford v. Franklin Paper Mills Co., 257 Pa. 163, 165, it is said:

"Every taxpayer is entitled to an opportunity to be heard by the taxing authorities before a tax is conclusively settled against him [citing cases] ; but there

is no rule or principle which directs that he must be afforded a further appeal to a court of law."

In Seidl's Appeal, 143 Pa. Superior Ct. 539, 548, it is said:

"It is established as a principle of our law that an appeal does not lie to the common pleas on tax assessments and settlements unless a statute authorizes it [citing cases]."

The question before us primarily is whether section 1104 of The Fiscal Code authorizes an appeal in a case where no pecuniary liability is settled against the corporation.

It is argued by the Commonwealth that the appeal does not lie because the language is "Any . . . corporation, . . . or other debtor, aggrieved by the decision . . . may . . . appeal" and that where there is no indebtedness settled the corporation is not a debtor and cannot appeal. Appellant argues, on the other hand, that it is aggrieved by the decision and therefore may appeal. The statute provides that a corporation "or other debtor, aggrieved" may appeal.

Is appellant in the category of a debtor?

According to the Standard Dictionary, a "debt" is "The obligation resting upon one person to pay or perform something that is due to another", and according to Webster's Dictionary, "That which one person is bound to pay another . . . an obligation or liability."

Who is to determine whether a corporation is liable for taxes? The determination in the first instance is given to the fiscal officers, but the liability is fixed by law. If the law makes a corporation liable then the corporation is a "debtor" until the liability is discharged. State officials cannot give away public funds by relieving from taxation that which the law makes taxable.

It is contended that defendant company is motivated in this appeal "for the purpose of having a nominal franchise tax imposed upon it which would relieve its shares from taxation for personal property taxes in

the hands of its shareholders." Regardless of what moved the company to appeal, if it owed the tax the tax should be settled against it, and the accounting officers should not juggle the situation so as to relieve the company of one tax under the franchise taxing statute in the hope of getting a larger tax under the personal property tax acts.

We think it is clear that this foreign corporation, which, according to the record now before us, "was in fact doing business in Pennsylvania and employed tangible property therein and derived gross receipts therefrom" during the whole tax year, has a right to have the question as to whether it is a debtor under the statute determined by the court, and cannot finally be precluded by the ipse dixit of the accounting officers that it is not a "debtor".

The remaining question is whether the company is "aggrieved" so as to bring it within the language of the statute.

The situations in which a person or corporation may be "aggrieved" have been many times judicially considered: Harris v. State Board of Optometrical Examiners, 287 Pa. 531, 534; F. E. Nugent Funeral Home, Inc., v. Beamish, etc., et al., 315 Pa. 345, 349; Shor v. Dickie et al., etc., 39 Dauph. 377; Louis K. Liggett Co. v. Baldridge, Attorney General, et al., 278 U. S. 105. From these cases it may be stated as settled that where vested property rights are unlawfully invaded by the legislature, or by the State authorities, the person so affected is an aggrieved person and may appeal to the courts for redress.

The defendant corporation was doing business in Pennsylvania, and one of its rights was to acquire whatever advantage the law gave to the shares of its stock in the hands of Pennsylvania residents by the payment of its franchise tax. If, by operation of law, its shares of stock in the hands of residents were free from a personal property tax, that would be a valuable

right accruing to the corporation to enable it to secure capital in Pennsylvania through the issuance of shares to prospective purchasers. To invade that property right, as Mr. Justice Kephart pointed out in F. E. Nugent Funeral Home, Inc., v. Beamish, etc., et al., supra, would be a grievance against the corporation, and therefore, in our opinion, the corporation would be "aggrieved" in the language of section 1104 of The Fiscal Code.

The Commonwealth contends that by an examination of other provisions of The Fiscal Code the conclusion should be drawn that section 1104 should not be construed to apply to any corporation or person except where a pecuniary settlement has been made against the taxpayer. We have considered the Commonwealth's brief and we cannot agree with its contention. Neither is it necessary, in view of our construction of section 1104, to review the exhaustive brief of counsel for defendant showing that there is always a resort to the courts, either in equity or mandamus or otherwise, where a vested right is invaded, even though the statute under which the right is asserted provides for no appeal.

The Commonwealth relies upon the case of Commonwealth v. Lukenweld, Inc., 49 Dauph. 356, in which Judge Richards, speaking for this court, said:

"Furthermore, there was nothing from which the parent company could appeal, as the taxing officers made a settlement showing no tax due by it."

This case passed upon the exceptions to the case reported in 49 Dauph. 14. In that case the Commonwealth argued "that the word 'aggrieved' is broad in scope and is not limited to actual pecuniary loss." That case involved the question of filing consolidated reports. There was no tax settled against the parent company, but an income tax was settled against the subsidiary companies. Upon a separate report there was no tax due from the parent company, and on a consolidated re-

port there would be no tax due from the parent company, so that the parent company could only be aggrieved by settlements made against the subsidiary companies and not by any settlement made against it showing no tax due. Defendant in that case was a subsidiary company and not the parent company, and Judge Richards' statement upon the facts in that case was entirely correct, but throws no light upon the question involved in the present controversy.

We are of opinion that defendant in the instant case has the right to appeal under section 1104 of The Fiscal Code.

And now, July 14, 1941, the motion to dismiss the appeal is overruled.