## Commonwealth v. Dempsey

*Max Rosenn*, for plaintiff.

*Albert B. Carrozza* and *Albert L. Anselmi*, for defendant.

VALENTINE, P. J., January 4, 1943.—Respondent has moved to quash a writ of alternative mandamus, commanding him, as burgess of the Borough of Wyoming, to approve a certain tax ordinance adopted by a majority of the borough council on October 5, 1942.

The chief reason urged in support of the motion to quash is that the writ interferes with the exercise of respondent's discretion, in that relator seeks to compel him to exercise his judgment in a designated, specific way.

The history of the controversy between the councilmen and the burgess appears from sundry paragraphs in the petition for the writ, as follows:

"3. That accordingly, an ordinance was adopted by the council of said borough at a regular meeting held the 2nd day of February, 1942, levying a tax for general borough purposes for the year 1942 as follows:

General Fund

     7 mills on each dollar of assessed valuation.

Water & Light Fund

     1½ mills on each dollar of assessed valuation.

Sinking Fund

     1½ mills on each dollar of assessed valuation.

"4. That under date of February 28, 1942, the said burgess vetoed the aforesaid tax ordinance whereupon the aforesaid council, at a meeting held on said date, proceeded to reconsider the same over the disapproval of the burgess. Lacking a majority and one as required by the Borough Code, the ordinance did not become effective.

"5. That at the regular meeting of said council held on March 5, 1942, it proceeded by ordinance again to levy a tax for general purposes for the year 1942 fixing the millage as aforesaid. Said ordinance was passed at said meeting but vetoed by the burgess under date of April 6, 1942.

"6. That at a regular meeting of council for said borough held on April 6, 1942, said council proceeded

to reconsider said tax ordinance over the disapproval of the burgess, but lacking a majority and one, the ordinance was not enacted.

"7. That at the said meeting of April 6, 1942, the council passed another tax ordinance levying a tax in said borough for the year 1942, but this ordinance was also vetoed by the burgess under date of May 4, 1942, whereupon the council proceeded to reconsider the same. Lacking a majority and one vote, the ordinance was not enacted.

"8. That thereupon at said meeting of May 4, 1942, the said council adopted another ordinance levying a tax in said borough for general purposes, which ordinance was vetoed by the said burgess on June 1, 1942, whereupon the council proceeded to reconsider the same. Lacking a majority and one vote, the ordinance did not become effective.

"9. That thereafter the council of the Borough of Wyoming continued to adopt an ordinance each month levying a tax in said borough for general purposes, each of which were vetoed from time to time by the said burgess and each of which were reconsidered by the council but were not enacted because they were passed by merely a majority and not a majority and one.

"10. That under date of October 5, 1942, the said council of Wyoming borough adopted an ordinance levying a tax in said borough for the year 1942, a copy of which ordinance is hereto attached, made a part hereof and marked exhibit 'A'. Said ordinance was vetoed by the said burgess of Wyoming under date of November 2, 1942, and copies of said veto message and the previous veto message of October 5, 1942, are hereto attached, made a part hereof and marked exhibits 'B' and 'C', respectively. The council of said borough proceeded to reconsider the adoption of said tax ordinance over the disapproval of the burgess and on roll call, the vote was as follows:

Chiavacci .........Yes
Dooley ............No
Doty .............Yes
Hartman ...........No
Zavacki ...........Yes
Hileman ...........Yes

Lacking the required number, the ordinance did not become effective."

In vetoing the last ordinance passed October 5, 1942, the burgess submitted to the council the following communication:

"Wyoming, Pa., November 2, 1942.
"To: Wyoming Borough Council,
    "Wyoming, Pennsylvania.
"Gentlemen:

"I am herewith returning the tax ordinance passed by you October 5, 1942, without my approval or signature.

"Gentlemen, until such time as you have established a tax collector's commission according to law, which meets with my approval and which will make it possible to prepare a proper budget, I cannot give any consideration to any tax ordinance.

"Further, I would suggest that your honorable body consider the preparation of the budget and tax ordinance for the year 1943. By doing this, it will be possible to have the tax duplicate for the year 1943 prepared much earlier and result in the taxes being received much sooner than heretofore.

"Yours truly,
    "JACK DEMPSEY, Burgess."

In disapproving the prior ordinance, that of September 8, 1942, which was precisely the same in character, the burgess stated:

"October 5, 1942.
"Gentlemen:

"I am herewith returning the tax ordinance passed by you on September 8, 1942, without my approval or signature.

"Gentlemen, I contend that in view of the balance in the general fund that a borough tax for the year 1942 for the operation of the borough government is unnecessary and should be a burden on the tax payers at this particular time.

"With this savings to the individual property holders of the borough they will be benefited to the extent of being in a better financial condition to meet their obligations to our country in its hour of greatest need in paying their federal obligations and additional obligations that have been brought on by a war condition not of our choice, but one which has been forced upon us and in which each and every one of us must bear the burden.

"This savings to our tax paying people will in no way interfere with or injure the successful operation of our borough government.

"Furthermore, I hereby assure the tax payers of Wyoming borough that they will not be called upon or asked to pay any additional taxes in 1943 other than the necessary tax set up for the year of 1943 and this tax will not, in my opinion, exceed a levy of ten mills.

"Your truly,

"JACK DEMPSEY, Burgess (Seal)."

In an effort to overcome the reason set forth in the veto message of the burgess of November 2, 1942, that the tax collector's commission had not been determined, relator presented an amendment to the petition, asserting that the tax collector's commission had been fixed by a resolution adopted August 6, 1930, and that this resolution had not been modified or repealed. This change in the pleadings is clearly an afterthought. By making it the relator seeks to minimize the importance of the main question, viz, the right of the court to interfere with the discretion of a public officer which has been vested in him by the legislature.

The General Borough Act of May 4, 1927, P. L. 519, art. XIII, sec. 1301, 53 PS §13391, authorizes the bor-

ough council to levy and collect, annually, a tax for borough purposes, not exceeding 15 mills. This section authorizes the levying of a tax. It does not require the same to be levied. Whether a tax should be levied in any particular year depends upon the financial needs of the borough.

The controversy between a majority of the council and the burgess clearly indicates that a difference of opinion exists between the borough officials as to whether the borough tax designated in the ordinance for the current year (1942) is essential.

The veto power of the burgess is defined by The General Borough Act, supra, art. X, sec. 1007, 53 PS §12897, as follows:

"Every ordinance and resolution, except as herein otherwise provided, passed by the council, shall be presented to the burgess for his approval. If the burgess approve, he shall sign it; but, if he shall not so approve, he shall return it with his objections to the council at its next regular meeting, when the objections shall be entered upon the minutes and the council shall proceed to a reconsideration thereof. If, after such reconsideration, two-thirds of all the members elected to said council, or a majority of council plus one, when the number composing such council is less than nine, shall vote to pass such ordinance or resolution, it shall become of as full force and effect as if it had received the approval of the burgess; but in such case the vote shall be determined by yeas and nays, and the names and votes of the members shall be entered on the minutes. If any such ordinance or resolution shall not be returned by the burgess at the regular meeting of the council next succeeding its presentation to him, it shall likewise have as full force as if it had been approved."

The power of the burgess to veto is a power to exercise a separate and distinct function of government, and is not to be taken from him except by express legislative enactment, or unless clearly inferred from the statute: Eddy v. Ashley Borough, 281 Pa. 4.

In urging that the reason assigned by the burgess for the disapproval of the tax ordinance is not valid, counsel for relator, in his written brief, sets forth:

"The burgess has stated his reasons for vetoing the ordinance. In his veto message of October 5, 1942, he refused to approve because he is against all taxation for the year 1942. In his next veto message, he assigns an altogether different reason—the failure to fix a tax collector's commission. Is the reason assigned by him a legal justification, particularly when it is the fact that the tax collector's commission is fixed?"

If we assume that the tax collector's commission had, in fact, been designated, and that the assertion of the burgess that it had not been fixed was incorrect, can we mandamus the burgess to act in a certain way, which order will, in effect, deprive him of his veto power, and substitute the judgment of the court for that of the burgess? We think not. If the burgess exercised the discretion vested in him unwisely, he is answerable to the electorate of the borough, but not to the court. The burgess is clothed with discretionary power, which he has here exercised by refusing to approve a tax ordinance for the current year, and under the circumstances mandamus will not lie to compel a revision or modification of the decision resulting from the exercise of such discretion, although, in fact, the decision may have been wrong: Horowitz v. Beamish, 323 Pa. 273. Mandamus might properly lie to require the giving of reasons for the vetoing of an ordinance, but where, as here, the burgess has complied with the mandate of the statute by designating his objections to the ordinance, we know of no rule of law which authorizes the issuance of a mandamus to require him to approve an ordinance which he has, for reasons sufficient to himself, disapproved.

The veto of the tax ordinance by the burgess was a final act. Having taken such action it is conclusive,

and the burgess' connection with it ceased: Shenandoah Borough's Petition, 42 Pa. C. C. 24, 27. The burgess could not, thereafter, recall the veto and approve the ordinance, nor can the court compel him so to do.

Motion allowed and the rule to quash the writ is made absolute.