## Foreign Medical Service Corporation

KEPHART, Assistant Deputy Attorney General, July 18, 1944.—This department is in receipt of your communication asking whether you may grant a certificate of authority to a foreign nonprofit membership corporation, incorporated to do business in this Commonwealth, as an organization offering to furnish medical and dental services and hospitalization, including drugs and nursing, for agricultural workers and their families. Membership is obtained by the purchase of a certificate upon the payment of $1 plus the approval of the board of directors. The corporation does not guarantee that such services will be furnished, but such services as are furnished are without cost to members.

It must be remembered that, except as to specific acts of the legislature relating to workmen's compensation, hospitals, hospitalization insurance, and similar services, and within the limits therein prescribed, prior to the enactment of the Nonprofit Medical Service Corporation Act of June 27, 1939, P. L. 1125, and related legislation, hereafter specifically referred to, no corporation, whether nonprofit or otherwise, could secure, provide, or render medical service, whether prepaid or otherwise, since the securing, providing, or rendering of such services would constitute the practice of medicine by the corporation contrary to law: Commonwealth ex rel. Attorney General v. Alba Dentist Co., 13 Dist. R. 432 (1904) ; The Thomas Diagnostic Clinic, Opinion of the Attorney General, 30 Dist. R. 778 (1921) ; and People ex rel. v. Pacific Health Corp., Inc., 12 Cal.(2d) 156, 82 P.(2d) 429, 119 A. L. R.

1284, 1290 (1938). See also decisions cited in 103 A. L. R. 1240, n. 1.

The Nonprofit Medical Service Corporation Act of June 27, 1939, P. L. 1125, as amended, 15 PS §2851-1501 et seq., with which we are here primarily concerned, is a regulatory act.

The purpose and intent of the legislature set forth in section 19, as amended, 15 PS §2851-1519, were "to authorize qualified persons to provide adequate medical service for residents of this State who are unable to provide such services for themselves" and "to maintain the standing and promote the progress of the science and art of medicine in this State".

Broad jurisdiction is given to the Department of Health under section 16, 15 PS §2851-1516, and section 5, 15 PS §2851-1505, and to the Department of Insurance, section 5, supra, and section 6, 15 PS §2851-1506, and sections 12, 13, and 14, 15 PS §§2851-1512, 1513, 1514, in controlling such organizations. Section 7, 15 PS §2851-1507, limits such medical service as is authorized under this and related acts to persons domiciled in this Commonwealth, with the provision that such corporations operating near the boundary lines may with the permission of adjacent States go beyond our borders, subject, however, to the complete control of Pennsylvania authority.

Section 4 of the Nonprofit Medical Service Corporation Act of 1939, as amended by the Act of May 21, 1943, P. L. 360, §2851-1504, sets forth what unauthorized nonprofit medical service is forbidden and unlawful:

"*It shall be unlawful for any* person, copartnership, association, common law trust, or *corporation, except when especially organized under the provisions of the Nonprofit Corporation Law, and its amendments, for the purpose, to establish, maintain, or operate a nonprofit medical service plan* whereby medical services may be provided to persons of low income and over-

income, as herein defined, *for prepayment, periodical, or lump sum payments; . . . nor shall any provision in this act be construed to apply to beneficial, benevolent, fraternal, and fraternal benefit societies, having a lodge system and a representative form of government. . . .*" (Italics supplied.)

Section 3, 15 PS §2851-1503, defines a nonprofit medical service corporation as a corporation organized and operated under the provisions of the Nonprofit Corporation Laws, as follows:

" 'Nonprofit medical service corporation' means a corporation organized and operated under the provisions of the 'Nonprofit Corporation Law,' approved the fifth day of May, one thousand nine hundred thirty-three (Pamphlet Laws, two hundred eighty-nine), and its amendments."

The Nonprofit Corporation Law of May 5, 1933, P. L. 289, sec. 219, as last amended by the Act of May 21, 1943, P. L. 356, 15 PS §2851-219, permits incorporation for the purpose of having a prepaid medical service plan, sets forth various requirements to be met, and requires in addition that the articles of incorporation be approved by the Department of Health and the Insurance Department, and stipulates that the courts, after receiving these approvals, "shall be guided solely by public necessity and public interest and welfare in approving or disapproving the articles of incorporation".

The special procedure and special limitation set up by the legislature under the Nonprofit Corporation Law and the Nonprofit Medical Service Corporation Act, along with the purposes as expressed in these acts, demonstrate clearly that it was the intention of the legislature to limit such organizations to nonprofit corporations incorporated in Pennsylvania. Such limitations come within the police power of a State. Therefore, comity of consent in this situation is a privilege which is not extended to foreign nonprofit corporations.

See Van Steuben v. The Central R. R. Co. of N. J., 178 Pa. 367 (1896), F. E. Nugent Funeral Home, Inc., v. Beamish, etc., 315 Pa. 345 (1934), Rule et al. v. Price et al., 323 Pa. 139 (1936), Horowitz v. Beamish, 323 Pa. 273 (1936), and Christian Union v. Yount, 101 U. S. 352 (1880).

There is no provision in our acts which would permit foreign nonprofit corporations to enter this State and conduct a prepaid medical service plan, and subject them to the same degree of supervision for the protection of the lives and health of our citizens as domestic nonprofit medical service corporations. For the department to grant such permission would nullify the public policy of this State and the purposes of the subject legislation, as enacted and expressed by our general assembly. This the department has no right to do.

The only exception under which the applicant might be considered to be exempt from these acts is that relating to "benevolent societies". But it fails to come within this exception because it does not have a lodge system and a representative form of government, as required of such societies.

We are of the opinion and you are, therefore, accordingly advised:

1. That no corporation, except where specifically authorized by statute, and within the limits therein prescribed, may secure, provide, or render medical services to individuals in this Commonwealth, since such would constitute the practice of medicine contrary to law.

2. That where a foreign nonprofit corporation seeks to enter this State, having for its purpose a medical service plan which requires prepayment for the privilege of receiving such service, whether by lump sum or periodical payments, no matter how large or small, and where such corporation does not come within the specific exemptions of the Nonprofit Medical Service Corporation Act, such corporation is a medical service

organization governed by and subject to the provisions of such act.

3. That where such foreign corporation has as its purpose the same as one organized under the provisions of the Nonprofit Medical Service Corporation Act, comity is not extended to such corporation, which, therefore, may not operate or exercise in Pennsylvania the authority granted by its State of incorporation, and thus cannot be granted a certificate of authority to do business in this Commonwealth.

In view of this conclusion, it does not become necessary to discuss or decide the rights of this organization under dental, hospitalization, nursing, or drug laws.