## In re Incorporation of National Gold Star Mothers

*Schnader, Harrison, Segal & Lewis,* for petitioners.

*Stradley, Ronon, Stevens & Young,* for American Gold Star Mothers, Inc.

LEWIS, J., May 5, 1950.—A petition was filed herein for the approval of articles of incorporation as a nonprofit organization of National Gold Star Mothers. The purposes of the proposed corporation as declared

are to maintain an organization for the mothers of persons who died while in the armed forces of the United States; to assist any patriotic work in communities where chapters of the organization may be in existence; to inspire respect for the flag; to inspire tolerance; to furnish assistance to all Gold Star mothers and their dependents; to assist veterans in their dealings with the Veterans Administration, and to aid veterans in any way possible.

The petition was referred to a master, and on October 24, 1949, American Gold Star Mothers, Inc., a corporation organized under the laws of the District of Columbia, filed exceptions to the petition, on the ground that exceptant has over a period of many years built up in the minds of the public an association with that title which has achieved recognition in all parts of the United States, and that petitioner is unfairly endeavoring to make use of the prestige and name of exceptant, and that such use will result in confusion of the organizations in the minds of the public.

On December 16, 1949, the master filed his report, recommending that the charter be granted, to which report the American Gold Star Mothers, Inc., filed further exceptions, briefly stated as follows:

1. It was error for the master not to consider whether petitioner can function efficiently or whether it can build up substantial financial resources.

2. It was error for the master to conclude that petitioner will serve a useful purpose.

3. It was error for the master to conclude that the purposes of petitioner are lawful and will in no way prove harmful or injurious to the community.

4. It was error for the master to find that petitioner's name is not deceptively similar to exceptant's name.

After argument, we have withheld action upon these last-quoted exceptions pending consummation of an agreement made at the bar by counsel that petitioner

would seek another title that would not be confused with that of exceptant. We are now advised that petitioner has not abided by this agreement, but has applied for and obtained in the State of Delaware a charter with the title, "National Gold Star Mothers".

This action upon the part of petitioner is evidence of bad faith and of irresponsibility upon the part of those who act for and comprise the organization. It reinforces the conclusion that we had already reached, that the master erred in recommending the grant of the charter and in not finding that the grant of it would prove harmful and injurious to the community because of the confusion that would be caused in the minds of the public by the existence of two organizations, both National in scope, with very similar corporate titles and of like purposes.

The approval of the application for a charter of a nonprofit corporation is the grant of a privilege, and the requirements to obtain such a charter are wholly statutory. We are aware that we are not to grant or refuse the right except upon legal grounds: Deutsch-Amerikanischer Volksfest-Verein, 200 Pa. 143 (1901); Citizens League of Wheatfield Township, 65 D. & C. 70 (1948); In re National Foundation of Dramatic Arts, 62 D. & C. 343 (1947).

The master has found that articles of proposed incorporation are in proper form, and we do not disagree with the master in that finding. However, we think the master should have found that there is no reason or function of general interest, to use the language of Judge Alessandroni in a similar case, that will be served by a grant of the application. To create confusion in the field of operation of organizations comprising what are called Gold Star Mothers—that is, mothers of patriotic citizens who have been killed in the service of their country—is a disservice to the public.

Petitioner's name is deceptively similar to that of exceptant, and we think the master should have so found under sec. 202, 15 PS §2851-202.

To say that in other fields there exist confusing corporate titles is not to strengthen the cause of petitioner, in our judgment. There are entirely too many charitable and philanthropic organizations of like purposes and similar titles. It is not in the general interest that any small group of individuals should have it within their power to obtain a charter to duplicate a public work already being sufficiently well performed and to bring about a diffusion of public support. There is no need for the additional corporation—that is, the evidence discloses no need—and because the approval of a charter will create general confusion in the minds of the public, there appears to us sufficient reason for disapproval. Hence, the third and fourth exceptions filed to the report of the master are sustained, the master's report is disapproved, and the petition for approval of the articles of incorporation is refused. See In re Humane Society of Penna., 33 D. & C. 327 (1938). As to the confusion of corporate designations, see Horowitz v. Beamish, 323 Pa. 273 (1936).