THE COMMONWEALTH v. E. J. McLAUGHLIN.

PETITION FOR A MANDAMUS TO THE COURT OF QUARTER SESSIONS OF MONTGOMERY COUNTY.

Presented May 5, 1888—Refused May 21, 1888.

1. While, by a writ of mandamus, the judge of a court below may be required to act, yet the writ will not lie to compel him to give judgment in a particular way.

2. The court below, for reasons regarded as sufficient, refused a motion to order the sheriff to abate a nuisance, after a defendant sentenced to abate the same had failed so to do: *Held*, that a mandamus would not lie to compel the making of such order.

Before Gordon, C. J., Paxson, Sterrett, Green, Clark and Williams, JJ.; Trunkey, J., absent.

No.     January Term 1888, Sup. Ct.; court below, No. 116 March Term, 1887, Q. S.

On May 5, 1888, *Mr. Irving P. Wanger, District Attorney* for Montgomery county, filed his petition setting forth:

That to No. 116 March Term 1887, of the Court of Quarter Sessions for the county of Montgomery, an indictment was found a true bill charging that Eben. J. McLaughlin, William F Russell and Charles H. Mason in the township of Lower Merion, near the dwelling-houses and places of business of divers good citizens, did unlawfully and injuriously erect and set up a magazine and place for the storage of certain dangerous explosive substances, to wit, nitro-glycerine, gunpowder and dynamite, and did unlawfully and injuriously keep therein large quantities of said explosive substances, to the great damage and common nuisance, etc.; that upon a trial had upon

Opinion of Court below.

said indictment before the said court and a jury, the said Eben. J. McLaughlin was at the October term of said court duly convicted in manner and form as he stood indicted, and that on December 17, 1887, the judgment of the court was passed upon him that he pay a fine of $150 and abate said nuisance.

That the said Eben. J. McLaughlin did not abate said nuisance; that on the contrary, after the said conviction, he caused large additional quantities of gunpowder to be placed in said magazine and continued to maintain the said nuisance to the same extent it was maintained before said trial and conviction; that upon proof duly made to the said court that the said defendant had not complied with the said judgment, and that the said nuisance was still maintained, the commonwealth applied to the said court to order the sheriff of said county to abate said nuisance; that the said court "refused the said application, and the dangerous nuisance is still continued to the great damage of the said citizens, and against the peace and dignity of the said commonwealth. Your said relator, therefore, on behalf of said commonwealth prays Your Honorable Court to grant a writ of mandamus directed to the Honorable Judges of the said Court of Quarter Sessions of the Peace of said county of Montgomery, Honorable Aaron S. Swartz and Honorable Henry K. Weand, to enforce the said sentence by an order directed to the sheriff of said county requiring him forthwith to abate the said nuisance at the costs of the said defendant."

From the record of the cause, filed with the petition referred to, it appeared that after December 17, 1887, the date when said judgment was passed, a number of affidavits were filed in the court below alleging the continued maintenance of the said nuisance, by the defendant. Affidavits were also filed on the part of the defendant in denial of said allegations. On March 5, 1888, a motion that the court issue an order to the sheriff to abate said nuisance, was refused by the court, SWARTZ, P. J., filing the following opinion:

The indictment contained but one count and charged that the defendants erected and set up a magazine for storing dangerous explosive substances, and that they did unlawfully and injuriously keep and still do keep gunpowder, nitro-glycerine

and dynamite in said magazine. The defendant McLaughlin was convicted generally and sentenced to pay a fine of $150, costs of prosecution and to abate the nuisance. We are now asked to command the sheriff to abate the nuisance, upon the ground that the defendant failed to observe this part of the sentence. The defendant answers that he was but an employee in and about the magazine and that he has nothing further to do with it, as he left the employment. He admits that he maintained a small frame building where dynamite was kept, but avers that this was his individual venture and had no connection with the magazine, and that he removed the building before the indictment was found.

Upon the trial of the case, there was testimony submitted to the effect that the magazine was a nuisance by reason of its location, being in proximity to public highways, mills, factories and dwellings. It was also alleged that the storehouse was improperly kept because of the large quantity of explosives found there. It was shown that the defendant was employed about the premises; that he hauled the explosives from the railroad depot to the magazine and removed them from thence to supply customers. The Hazzard Powder Company holds title to the premises. From the testimony adduced at the trial and from the affidavits now filed in this application, we think it is clear that the defendant was the employee of the owners, proprietors, or lessees of the magazine. He swears he was engaged as driver of the team used about the business, and that his father employed him. There was not a particle of testimony to show that he had anything to do with the erection of the powder house. True he was connected generally, but we cannot say that the jury thereby meant anything more than to find that he was an employee in a firm engaged in unlawfully and injuriously keeping large quantities of explosives in the storehouse, to the common nuisance of all good citizens. He was charged with maintaining a common nuisance and it was the duty of the jury to find him guilty, if he, with the aid of others, unlawfully and injuriously stored explosives as alleged in the indictment, even if he had nothing to do with the unlawful erection of the magazine. The jury could have found him guilty and yet find that the erection of the magazine under the surroundings was entirely lawful.

If he left the employment and is no longer engaged in storing there explosives, what more can he do? If the proprietors of the magazine employ other persons to continue the nuisance by storing explosives, this does not give the defendant the right to go to the magazine and destroy or remove the property over which he has no control and which he did not place there. If he cannot remove the goods from the magazine, we cannot direct the sheriff to do it for him. The ground upon which the sheriff acts, is the refusal of the defendant to do that which he ought to have done.

It was alleged that Russell and Mason the co-defendants were the lessees or proprietors of the establishment. If the evidence had been sufficient to sustain a conviction against them the abatement of the nuisance would have been a simple matter.

This magazine maintained as it has been is no doubt a source of great annoyance to the community, but this fact does not authorize us to suppress it except by legal methods.

And now March 5, 1888, the application is refused.

After this decree refusing the order to the sheriff, was filed, an affidavit of Richard Middleton was presented, setting forth that on March 10, 1888, he met said McLaughlin on the state road in Lower Merion: that he was assisting another man in transferring boxes of dynamite from one wagon to another, and was still engaged in selling the powder and dynamite stored in the magazine mentioned in said indictment, and that large quantities of said substances were still kept and sold from said magazine. Thereupon on April 25, 1888, an order was made by the court requiring the defendant to enter into bonds in the sum of $1,000 conditioned for his good behavior for two years from date. Then the district attorney presented to this court the petition in this proceeding, citing Taggart v. Commonwealth, 21 Pa. 530; Barclay v. Commonwealth, 25 Pa. 503.

OPINION, MR. JUSTICE PAXSON:

This was a petition by I. P. Wanger, Esq., district attorney of Montgomery county, praying for a writ of mandamus to the judges of the Court of Quarter Sessions of Montgomery county, to enforce the judgment and sentence of the said court

in the above stated case, by an order directed to the sheriff of said county requiring him forthwith to abate the nuisance complained of at the costs of the defendant.

The defendant had been convicted in the court below of maintaining a public nuisance, and had been sentenced to pay a fine and to abate the nuisance. The nuisance consisted of the storage of a large quantity of gunpowder and dynamite in a building near a public highway, to the damage of the neighbors and traveling public. It was not the building that was the nuisance; it was the storage of the above-named explosive and dangerous substances therein. Upon proceeding to enforce the sentence, the defendant showed that he was not the owner of the premises; that he was merely the agent at one time of the parties who used the building as a storehouse for powder, and that since the trial he was no longer such agent, and had no control over the building or its contents. The court below held that the defendant could not be required to abate a nuisance over which he had no control, and that the sheriff could not be required to remove it, inasmuch as the ground upon which he acts in such cases is the refusal of the defendant to do what he ought to have done.

It will appear, from what has been said, that the court below has acted upon the application of the district attorney, and refused it. If the court had declined to act, there might have been some ground for the application for a mandamus. That the writ will lie from this court to a lower court to compel the performance of a duty is settled law. Thus, if a judge unreasonably delay judgment in a particular case, he may be compelled to do so by mandamus. But it will not lie to compel him to give judgment in a particular way; it will only require him to act. Hence, when the judge has acted, mandamus will not lie to reverse his action. The judge below has acted in the matter referred to; he has refused to order the sheriff to proceed to abate the nuisance, for reasons which he regards as legal and satisfactory, and we cannot reverse his decision upon a writ of mandamus, even were we satisfied that it is erroneous. We are free to say, however, that we see no reason why the learned court below should have arrived at a different conclusion.

Writ refused.