## Greason's Petition.

*Criminal law—Murder—Homicide—Petition for rehearing—After-discovered evidence—Act of April 22, 1903, P. L. 245.*

Where in a homicide case, a petition for a rehearing on the ground of after-discovered evidence is presented by the prisoner to the Supreme Court and the matters alleged raise no question of error in the court below on the trial, but tend to throw such doubt on the truthfulness of some at least of the evidence on which the prisoner was convicted as to demand an investigation in the interest of justice, and the term has expired, although the petition is not in the exact form contemplated by the Act of April 22, 1903, P. L. 245, yet where it presents in substance a case coming within its provisions, the Supreme Court will remit the record to the court below and authorize it in its discretion to grant a rule for a new trial nunc pro tunc and to proceed therein in accordance with the act of April 22, 1903.

Petition for a rehearing.

The petitioner was convicted in the oyer and terminer of

Berks county of murder of the first degree and sentenced to death. The judgment and sentence was affirmed by the Supreme Court. See Com. v. Greason, 204 Pa. 64.

The condemned presented his petition February 26, 1903, for a rehearing on the ground of after-discovered evidence.

*Rothermel Bros.* and *W. H. Sadler*, for the petition.

PER CURIAM, May 4, 1903:

Samuel Greason was convicted and sentenced in the court of oyer and terminer of Berks county for murder of the first degree and the judgment was affirmed in this court, November 3, 1902. See Com. v. Greason, 204 Pa. 64. A petition is now presented praying a rehearing on the ground of after-discovered evidence.

A rehearing however would be of no avail. The errors assigned in regard to the trial have been duly considered and adjudicated and nothing new is now brought forward to change our views on the questions then presented. What is now alleged raises no question of error in the court below on the trial and it is manifest that the judgment could not be reversed for any matters not then on the record.

The depositions now presented here tend to throw doubt on the truthfulness of some at least of the evidence on which the prisoner was convicted. Some of the testimony is not really new, as it appears to have been before the court shortly after the trial, and all of it comes from doubtful and discredited sources and is far from satisfactory or convincing in itself. It cannot therefore be accepted without serious question but it demands investigation in the interest of justice. So much will depend on the personality of the witnesses, their manner of testifying, their standing the test of cross-examination, and the result of comparison with the testimony, their own and others', at the trial, that the investigation should be judicial.

In the ordinary course such investigation would be made on a rule for new trial but it is met here by the technical objection that the term has expired. It has been suggested that that limitation does not extend to this court under the greatly enlarged powers to order verdicts and judgments set aside and new trials granted, conferred by the Act of May 20, 1891, P. L. 101. But we are relieved from the necessity of considering this question by the passage of the act of April 22, 1903.

The present petition though not in the exact form contemplated by that act presents in substance a case coming within its provisions, and we are of opinion that it has been made to appear that a further judicial inquiry should be had into the guilt of the petitioner.

The record is therefore remitted to the court of oyer and terminer of Berks county and the said court is authorized in its discretion to grant a rule for new trial nunc pro tunc, and to proceed therein in accordance with the act of April 22, 1903.