# Commonwealth *v.* Greason, Appellant.

*Criminal law—Murder—New trial—Act of April* 22, 1903, *P. L.* 245.

Where under the Act of April 22, 1903, P. L. 245, entitled "An act relating to new trials in cases of murder," the court of oyer and terminer has, after the expiration of the term in which a prisoner was convicted and sentenced, granted a rule for a new trial in pursuance of authority from the Supreme Court, and after hearing, has discharged such rule, the prisoner has no right to appeal from the order discharging the rule.

Argued Jan. 11, 1904. Appeal, No. 275, Jan. T., 1903, by defendant, from order of court of Oyer and Terminer of Berks Co., discharging rule for new trial, in case of Commonwealth v. Samuel Greason. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Appeal dismissed.

Rule for new trial under Act of April 22, 1903, P. L. 245.

From the record it appeared that on May 4, 1903, the Supreme Court made an order authorizing the court of oyer and terminer in its discretion to grant a new trial nunc pro tunc, in accordance with the act of April 22, 1903. See Greason's Petition, 205 Pa. 630. In pursuance of this authority, the court of oyer and terminer granted a rule for new trial. After hearing, the rule was discharged. The prisoner took this appeal.

*Error assigned* was the order discharging rule.

*William Sadler*, for appellant.

*Geo. W. Wagner*, for appellee, was not heard.

PER CURIAM, February 1, 1904:

This is a special proceeding for new trial under the Act of April 22, 1903, P. L. 245, and it would be a sufficient answer to the present application that the act gives no appeal. But the purpose of the act was to obviate the common-law bar of the expiration of the term, and to enable the court in which

COMMONWEALTH v. GREASON, Appellant.    127

1904.]                    Opinion of the Court.

there had been a conviction of murder to open the case for a new trial notwithstanding the end of the term. It is an act which was required in the interests of justice where important subsequent developments in a case cast serious doubt on the justice of the conviction: Greason's Petition, 205 Pa. 630. But it is manifestly intended for very exceptional cases, and the power conferred by it would be readily susceptible of abuse. Its exercise is therefore guarded by the requirement that the Supreme Court shall in the first instance be satisfied that a strong prima facie case has been made out and shall thereupon authorize the court of oyer and terminer to grant and hear a rule for a new trial, and if upon such hearing that court shall be of opinion that there should be a new trial the case may again come to this court, and if this court shall concur it may authorize the court of oyer and terminer to make the rule absolute. It will be seen that these provisions require the concurrence of both courts to authorize the rule for new trial to be made absolute. This would be the necessary result of the requirements of the act, but it is not left to inference however clear, for the act provides that if the court of oyer and terminer shall not deem the ground sufficient it shall discharge the rule " and the proceeding shall terminate." The learned judge below after a full and careful hearing discharged the rule. That ended the proceeding and left no standing for an appeal.

Appeal dismissed and the record is remitted to the court below that the judgment may be carried into execution according to law.