# Reese, Appellant, *v.* Board of Mine Examiners.

*Practice, C. P.—Mandamus — Ministerial act — Petition — Defects in substance—Motion to quash—Act of June 8, 1893, P. L. 345.*

1. While mandamus lies to compel the performance of a ministerial act, the writ will not issue where a body clothed with deliberative and discretionary powers has acted, to compel a revision or modification of its decision.

2. A motion to quash a writ of alternative mandamus is properly granted where the motion calls attention to defects in substance in the petition for the writ, as the Mandamus Act of June 8, 1893,

P. L. 345, expressly provides that defects in substance in an alternative writ may be taken advantage of at any stage of the proceeding.

*Mines and mining—Board of mine examiners—Act of June 8, 1901, P. L. 535, Art. II, Sec. 5—Mine inspectors—Certificate of qualification—Discretion.*

3. The board of mine examiners, constituted by the Act of June 8, 1901, P. L. 535, is vested with discretion to issue certificates of qualification to mine inspectors and an applicant, who after examination, has been refused a certificate, cannot compel the board by mandamus to issue such certificate, where he does not allege any fraud or conspiracy to deprive him of his rights and particularly where he does not allege that he correctly answered ninety per centum of the questions propounded in his written examination or that he passed a successful examination as required by the act.

Argued Feb. 16th, 1915. Appeal, No. 360, Jan. T., 1914, by plaintiff, from judgment of C. P. Schuylkill Co., Jan. T., 1914, No. 134, refusing mandamus, in case of Thomas C. Reese v. John H. Pollard, Jacob Britton, James Bache, David J. Davis, Pilate Orme, constituting the board of mine examiners. Before BROWN, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Petition for mandamus. Before BECHTEL, P. J.

The opinion of the Supreme Court states the facts.

The court on motion quashed the writ of mandamus. Plaintiff appealed.

*Error assigned* was in quashing the writ of mandamus.

*S. B. Edwards,* for appellant.

*John F. Whalen,* with him *George Ellis,* for appellee

OPINION BY MR. JUSTICE MOSCHZISKER, March 29, 1915:

The plaintiff filed a petition for a mandamus, in which

he averred that he had been employed in and about coal .mines for thirty years and was well informed on the subject of mining; that he had applied to the Schuylkill County Board of Mine Examiners in May, 1913, to be examined for a certificate of qualification as a mine inspector; that shortly thereafter the board gave him an examination; that "to the best of his knowledge and belief he passed the examination by answering ninety per centum of all the questions asked, as required by law"; that he had "ascertained from two members of the board that no grade was given to his answers...... because the board could not agree; and that a certificate was refused him by reason of such disagreement." After the foregoing averments, the petitioner inserted an abstract from a mining newspaper to the effect that one of the candidates at an examination had been refused a certificate because in 1898 the inspector of the district had made an official report concerning a mine disaster, in which he had said that the event was caused by "the misrepresentation and incompetent management of the superintendent in charge"; the plaintiff then averred that "he is the man referred to in said publication," and that he was refused a certificate because this "adverse report" was considered by the board. He then averred that the report in question was without foundation of truth, and "that even though such report could be shown to be justified, it would be no reason to withhold the certificate to which the petitioner is entitled after having passed the examination of said board of mine examiners and making 90 per centum on his examination and being otherwise qualified." The petition ends with the assertion that the plaintiff "verily believes that he has not been treated fairly and that the certificate to which he is entitled has been withheld from him unjustly and unfairly." An alternative writ of mandamus issued, which was subsequently quashed, and the plaintiff has appealed.

In an opinion supporting the order quashing the writ,

the president judge of the court below states: "The 5th Sec. of Art. II of the Act of 1901, P. L. 540, provides, inter alia '......The said examiners shall be sworn ......and at least four of them shall sign a certificate setting forth the fact of the applicants having passed a successful examination, and who have answered 90 per centum of the questions......and shall give such certificate to only such applicant as has passed the required examination.' ......The applicant is required to do more than answer 90 per centum of the questions; he is required to pass a successful examination in addition thereto......The board is not only entitled, but required, to exercise a sound and lawful discretion in the issuing of these certificates. The position to which they qualify their holder is one of vast importance; the powers of a mine inspector are very great; the responsibilities are enormous; lives and property are in his keeping......It does not seem to us to be a forced construction of the act to conclude that it was evidently the intention of the legislature that the board of examiners should ascertain, as far as possible, the fitness of the applicant to hold the high office to which he aspires before issuing its certificate......; this being so, it must naturally follow that the duties of the board......are quasi-judicial and not ministerial alone......The board ......have acted and have refused a certificate to this petitioner. While he makes the statement that he believes this was done unfairly to him......, there is absolutely no allegation of any fraud or conspiracy to deprive him of his rights; nor does the petition cite any facts which could be fairly construed into a support of this declaration."

Our attention has been called to a well stated dissenting opinion filed by a member of the court below; but after considering this and the argument of counsel for the appellant, we are not convinced of reversible error. It is true, the Mandamus Act of June 8, 1893, P. L. 345, provides that, when an alternative writ has been award-

ed, the defendant shall make answer; further, the statute contains no provision for a demurrer or motion to quash such a writ. The act does stipulate, however, that the petition for the writ shall set forth the facts upon which the plaintiff relies for the relief sought, and that, when convinced the petition "presents the substance of a case for mandamus," the court shall direct the alternative writ to issue; moreover, it provides (Sec. 26) that "defects in substance in the alternative writ may be taken advantage of at any stage of the proceeding." In the present instance, the motion to quash called attention to "defects in substance," and was, in effect, an application to reconsider the conclusion that the "substance of a case" had been shown. Of course, the court had power to entertain such an appeal, and from this aspect the proceedings were regular.

We agree with the construction placed upon the Act of 1901, supra, in the excerpts which we have quoted from the opinion of the court below. In addition, it is to be observed the plaintiff does not allege that he correctly answered ninety per centum of the questions stated in his written examination, and he fails to aver that he "passed a successful examination," as required by the act; furthermore, the petitioner states no fact which, if true, would show fraud or misconduct in the refusal to award him a certificate. The act provides (Sec. 9) that every applicant must have a knowledge of the different systems of work in coal mines, that he must produce satisfactory evidence to the board of examiners of experience in mines where "Noxious and explosive gases are evolved," and that he must have had at least five years' practical experience in the anthracite mines of Pennsylvania; but these expressed qualifications do not limit the field of the examination to which applicants for certificates must submit; on the contrary, we agree with the court below that the board of examiners may exercise discretion in performing their duties, and that at least four of them must be con-

vinced that an applicant has passed a satisfactory examination before he is entitled to a certificate of qualification. If the board fails to agree that a particular applicant has passed "a successful examination," so that four of their number are not willing to sign a certificate, in the absence of fraud, that is the end of the matter.

The principle is well established that mandamus lies to compel the performance of a ministerial act, but it is equally well established that the writ will not issue, where a body clothed with deliberative and discretionary powers has acted, to compel a revision or modification of its decision; which, in substance, is the relief sought by the present plaintiff. Had the defendant board refused an examination to the plaintiff, or, after holding an examination and passing the plaintiff, had they arbitrarily refused him a certificate, then, and in either of such events, he would be entitled to relief by mandamus; but, having had an examination and the board, in the exercise of its discretion, having refused to pass him, in the absence of a specific averment of fraudulent conduct toward the plaintiff, the substance of a case for mandamus was not shown; hence, we conclude that the court below did not err in reconsidering its original action and quashing the alternative writ.

The assignments of error are overruled and the judgment is affirmed.