# Commonwealth *v.* Cicere, Appellant.

*Criminal law—Murder—New trial—Act of April 22, 1903, P. L. 245—Appeals—Certiorari—Jurisdiction.*

1. Where the legislature forbids an appeal in a statutory proceeding, it intends that no appellate action, however denominated, shall be maintained, and on certiorari, the appellate court cannot go beyond determining questions of jurisdiction.

2. Where, in a murder case, the lower court grants a rule for a new trial nunc pro tunc on the ground of after-discovered evidence, as provided by the Act of April 22, 1903, P. L. 245, and such rule is discharged, no appeal lies from that order to the Supreme Court.

Argued April 19, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 60, March T., 1926, by defendant, from order of O. & T. Westmoreland Co., May T., 1923, No. 166, dismissing motion for new trial, in case of Commonwealth v. Angelo Cicere. Affirmed.

Rule for new trial in murder case. Before DOM, J.
The opinion of the Supreme Court states the facts.
Motion dismissed. Defendant appealed.

*Error assigned* was, inter alia, order, quoting record.

*James L. Colbert,* with him *Adam B. Shaffer,* for appellant.

*John R. Keister,* District Attorney, *Nevin A. Cort,* District Attorney at time of trial, and *P. K. Shaner,* for appellee, were not heard.

PER CURIAM, May 10, 1926:

Appellant, Angelo Cicere, was convicted of murder of the first degree, and sentence on the verdict was affirmed: Com. v. Cicere, 282 Pa. 492. On petition of defendant alleging after-discovered evidence, we issued an order to the Court of Oyer and Terminer of Westmoreland County to grant a rule for new trial nunc pro tunc, under the Act of April 22, 1903, P. L. 245. The rule was allowed, but, after hearing, was dismissed and new trial refused; this appeal followed.

The Act of 1903, from which these proceedings derive their validity, provides, in section 2, that, "Upon the termination of the hearing of [the rule for a new trial], if the court of oyer and terminer shall not deem the grounds sufficient it shall thereupon discharge said rule, and the proceedings shall terminate and the judgment and sentence theretofore entered of record shall remain unaffected." The effect of this section is the same as though the legislature had said in terms, "There shall be no appeal from an order discharging such a rule for new trial": Com. v. Greason, 208 Pa. 126. Appellant urges, however, that, notwithstanding the terms of the Act of 1903, we may now review the whole case as on certiorari; but this we cannot do. When the legislature forbids an appeal in a statutory proceeding, it intends that no appellate action, however denominated, shall be maintained; therefore, on certiorari, we cannot go "beyond determining questions of jurisdiction" (Twenty-first Senatorial District Nomination, 281 Pa. 273, 279), and as no such question is here involved, we are without authority to entertain the present appeal.

The appeal is dismissed, and the record remitted for the purpose of execution.