## Commonwealth *v.* Del Vaccio, Appellant.

520

Argued March 23, 1931.   Before FRAZER, C. J., WALL-
ING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*F. T. Anderson,* with him *William A. Gray,* for ap-
pellant.

*Vincent A. Carroll,* for appellee.

OPINION BY MR. JUSTICE FRAZER, April 20, 1931:

The present case involves both an appeal from the
order of the Court of Oyer and Terminer of Philadelphia
County, dismissing appellant's petition for a rule on the
Commonwealth to show cause why a new trial should
not be granted on the ground of after-discovered evi-
dence, and also a second petition filed in this court, in
which appellant requests an order staying proceedings,
continuing the appeal, and directing the court below to
hear the testimony of three other after-discovered wit-
nesses.   These petitions will be considered and disposed
of in one opinion.

Frank Del Vaccio was found guilty of murder in the
first degree, the jury assessing the death penalty.   This
judgment and sentence was affirmed in an opinion re-
ported in 299 Pa. 547.   Subsequently, upon petition of

counsel for appellant, a rule was allowed upon the Commonwealth to show cause why a new trial should not be granted on the strength of the after-discovered evidence of three witnesses, Joseph Semon, John Dare and Margaret Semon. This court granted the prayer of this petition, and the trial court, after hearing the testimony of the witnesses named, dismissed the petition and refused Del Vaccio a new trial. Upon entry of this order, defendant sued out an appeal and the case was placed on the argument list for March 23, 1931. Three days previous to argument of the appeal, counsel for petitioner filed in this court a second petition asking for a stay of all proceedings and a direction to the court below to hear additional after-discovered evidence of three persons who were said to have been witnesses of the crime, namely, Enrico DeAnuntisi, Joseph Piriano, and a woman (whose name is not set forth in the petition), employed as a clerk in a drug store located near the scene of the shooting.

We granted the prayer of the first petition under authority of the Act of April 22, 1903, P. L. 245, saying that, "While the depositions attached thereto furnish the necessary grounds to warrant us in entertaining it, we grant the prayer of the petition only because we desire the court below to have an opportunity to, in its discretion, by proper proceedings, under the Act, view the witnesses who made the depositions, and not because we are impressed by the depositions that such testimony, if it had been produced at the recent trial of this case, would necessarily have warranted a different verdict than the one rendered." The court below, after hearing the witnesses named in open court, dismissed the petition. At the dismissal of this petition, proceedings terminated. The Act of April 22, 1903, P. L. 245, provides: "Section 1. ...... That whenever by petition, supported by after discovered evidence, it shall be made to appear to the Supreme Court that there is ground for substantial doubt as to the guilt of any prisoner con-

victed of murder of the first degree, the said court shall have the power to authorize the court of oyer and terminer in which such prisoner has been convicted to grant a rule for new trial, nunc pro tunc, notwithstanding the expiration of term in which such prisoner was convicted and sentenced; and thereupon the said court of oyer and terminer may, in its discretion, grant and proceed to hear such rule, as in other cases. Section 2. Upon the termination of the hearing of such rule, if the court of oyer and terminer shall not deem the grounds sufficient it shall thereupon discharge said rule, and the proceedings shall terminate, and the judgment and sentence theretofore entered of record shall remain unaffected." A later section of the act applies to instances where the court below decides that a new trial should be granted, and is not applicable to this case, and accordingly need not be quoted. We have said, "The effect [of section 2] is the same as though the legislature had said in terms, 'There shall be no appeal from an order discharging such a rule for a new trial' ": Com. v. Cicere, 286 Pa. 296, 297. It is well settled that, when the legislature forbids an appeal in a statutory proceeding, it intends that no appellate action shall be maintained and, with the exception of certiorari to determine questions of jurisdiction (Twenty-first Senatorial Dist. Nomination, 281 Pa. 273, 279), no appeal from the dismissal of a rule such as that involved in this case will lie. Appellant attempts to confer jurisdiction in the present case by contending the above quoted section of the Act of 1903 is invalid under article V, section 24, of the Constitution of Pennsylvania, because it "cuts off the right of appeal" from an order made by a trial court in a capital case. The answer to this contention is that article V, section 24, refers only to appeals, in first degree murder cases, such as, in the present case, the defendant had already availed himself of at the time the record of his trial was reviewed by this court in 299 Pa. 547. The Act of 1903 empowering this court to au-

thorize the court of oyer and terminer to grant a rule for a new trial nunc pro tunc, notwithstanding the expiration of the term in which the prisoner was convicted and sentenced, so that such court might, "in its discretion, grant and proceed to hear such rule, as in other cases," expressly provides that the proceedings *shall terminate* with the discharge of the rule, if the court of oyer and terminer shall not deem the grounds sufficient. The order made by the court below discharging the rule, terminated the present proceeding.

Defendant's additional petition for a second authorization to the trial court to hear testimony on a rule for a new trial setting forth still further after-discovered evidence, is an unwarranted attempt to prolong these proceedings. The Act of 1903 must be strictly construed. There is much in the act to indicate that the legislature had in mind no more than one reference back to the lower court on the ground of after-discovered evidence. Any different interpretation would throw the administration of criminal justice in first degree murder cases into chaos, through the opportunity afforded defendants to present innumerable petitions of the character now before us, and would necessarily result in delaying indefinitely the expedition and finality so necessary to the prosecution and disposition of criminal cases. Throughout the act, mention is made of "a rule" for new trial with no suggestion of any plural idea as to such rule; section 2 specifically provides that upon the termination of the hearing of "such rule" if the court shall not deem the grounds sufficient it shall discharge "said rule" and "the proceedings shall terminate." Viewing the act in all its parts, it is apparent that the opening expression in section 1, reading, "whenever by petition," does not mean "at any time or times" or "as often as counsel may choose to present such petitions," but rather is antithetical to the following expression "notwithstanding the expiration of term in which such prisoner was convicted and sentenced," and con-

sequently does not empower this court to examine after-discovered evidence presented upon petitions subsequent to action by the lower court terminating the proceedings. Had this second petition been presented previous to disposal by the court below of the rule for a new trial, the question might possibly be different, but since it was not, that situation calls for no discussion.

For the reasons above stated, the appeal is dismissed, the petition filed by defendant on March 20, 1931, is dismissed, and it is directed that the record be returned to the court below for the purpose of execution.