## Morrison, Appellant, *v.* Pittsburgh et al.

Argued October 2, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Clair D. Moss,* for appellant.

*Louis Rosenberg,* Assistant City Solicitor, with him *Anne X. Alpern,* City Solicitor, for appellees.

OPINION BY MR. JUSTICE HUGHES, December 29, 1944:
This is an appeal from the dismissal of a mandamus action instituted by Thomas Morrison against the City of Pittsburgh, George E. A. Fairley, Director of the Department of Public Safety, Harvey J. Scott, Superintendent of the Bureau of Police, and George M. P. Baird, Dr. Marion K. McKay, and Dr. W. H. K. McDiarmid, Civil Service Commissioners of the City of Pittsburgh. The appellant petitioned the court to order his reinstatement to the position of Lieutenant of Police in the Bureau of Police in the Department of Public Safety of the City of Pittsburgh. He had been dismissed from this position on December 4, 1940, but his petition to the Court of Common Pleas of Allegheny County for a writ of alternative mandamus to compel his reinstatement was not filed until January 29, 1942. On February 13, 1942, the defendants procured a rule on the plaintiff to show cause why the writ should not be quashed. After argument on the rule, on May 7, 1942, the court en banc modified the writ to issue only against the Civil Service Commission to show cause why it had refused the plaintiff the right to appeal. To this rule the Civil Service Commission filed an answer and returned

its record to the court. On May 27, 1942, the Civil Service Commission moved for judgment on the pleadings. The motion was again argued before the court en banc and the court granted the motion of the defendants.

That the personnel of the judges comprising the court en banc of the Court of Common Pleas at the two sessions above referred to was not identical, is not material to the validity of the decision of that court. The court in the first instance directed the issuance of the writ, as amended, but when the whole record was before it, at the subsequent hearing, judgment was entered for the defendants. In *Reese v. Board of Mine Examiners,* 248 Pa. 617, 620, 94 A. 246, we said: "It is true, the Mandamus Act of June 8, 1893, P. L. 345, provides that, when an alternative writ has been awarded, the defendant shall make answer; further, the statute contains no provision for a demurrer or motion to quash such a writ. The act does stipulate, however, that the petition for the writ shall set forth the facts upon which the plaintiff relies for the relief sought, and that, when convinced the petition 'presents the substance of a case for mandamus,' the court shall direct the alternative writ to issue; moreover, it provides (Sec. 26) that 'defects in substance in the alternative writ may be taken advantage of at any stage of the proceeding.' In the present instance, the motion to quash called attention to 'defects in substance', and was, in effect, an application to reconsider the conclusion that the 'substance of a case' had been shown."

The appellant was a lieutenant of police and charges had been preferred against him of conduct unbecoming an officer. The trial board, after hearing, entered a verdict adjudging him guilty and "that he be dismissed from the service of the Bureau of Police and his name stricken from the roll." The Mayor approved the findings, effective December 4, 1940. Under the Act of June 15, 1937, P. L. 1761, it is provided: "The right of appeal of the decision of the trial board shall be made

within five days to the civil service board." The reasons for not appealing in that time, as alleged in appellant's petition, were that he had presented himself at the Commission's office and demanded the right of appeal, but it was denied him, he being told he must wait until after certain charges against him in the office of the district attorney of Allegheny County had been disposed of; that after they were disposed of, he presented himself to the commission and was refused an appeal because the period within which such appeal could be taken under the law had elapsed. On these averments the court issued the writ of alternative mandamus on January 29, 1942. The record of the trial board was not filed until May 15, 1942. At that time the defendants petitioned to quash the writ because the appeal to the Civil Service Commission was not filed within the time prescribed and because the writ had issued without the Court first making an independent examination of the record of the hearing before the trial board. After hearing, the court en banc modified the order, allowing the writ to issue only against the Civil Service Commission. A subsequent court en banc, hearing a motion for judgment on the whole record, entered such judgment.

The record shows that even after the matters with the district attorney had been disposed of, which was the excuse for delay in filing the appeal, the appellant waited at least seven months before presenting his petition for mandamus. There is nothing in the record to show that the Civil Service Commission abused its discretion, or acted capriciously or arbitrarily in refusing to allow the appeal. "Where a person or body is clothed with judicial, deliberative, or discretionary powers, and he or it has exercised such powers according to his or its discretion, mandamus will not lie to compel a revision or modification of the decision resulting from the exercise of such discretion, though, in fact, the decision may have been wrong": *Souder v. Philadelphia et al.*, 305 Pa. 1, 8, 156 A. 245; *Raffel v. Pittsburgh*, 340 Pa. 243, 16 A. 2d 392.

We have gone over the whole record in this case and find that the trial board arrived at a proper decision on the merits, that the Civil Service Commission was within its rights in not allowing the appeal at the time and for the reasons prayed for, and the court below properly disposed of the case when it entered judgment for the defendants on the whole record.

Judgment affirmed.