Kaufman Construction Company *v.* Holcomb et al., Appellants.

Argued October 1, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Harry F. Stambaugh,* Special Assistant Attorney General, with him *Phil H. Lewis,* Deputy Attorney General, and *T. McKeen Chidsey,* Attorney General, for appellants.

*F. Brewster Wickersham,* with him *F. Eugene Reeder* and *Metzger & Wickersham,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, November 10, 1947:

By this litigation plaintiff is attempting to have the merits of its claim against the Commonwealth judicially reviewed in spite of an express statutory provision denying it that right.

Plaintiff entered into a contract with the Commonwealth for the construction of a highway and bridges and the grading of a railroad roadbed in Dauphin County. After the work was completed it asserted that the Department of Highways had caused delays which resulted in damages to plaintiff in the amount of $65,-406.61. The contract provided that all questions and disputes thereunder should be referred to the Board of Arbitration of Claims, a tribunal created by the Act of May 20, 1937, P. L. 728, whose decisions and awards, if any, should be final and conclusive upon the parties

without right of appeal; all rights of "any action at law or in equity" in respect to the subject-matter of the contract were expressly waived. Accordingly, plaintiff presented its claim to that Board. The Department of Highways filed an answer. The Board, after hearing testimony, argument and re-argument, disallowed the claim for the several reasons set forth in the opinion which it filed in support of its decision. Plaintiff thereupon petitioned the Court of Common Pleas of Dauphin County for a writ of alternative mandamus directing the Board to show cause why its disallowance of the claim should not be revoked and an award made in favor of plaintiff for the full amount of its claim. The Commonwealth moved to quash the writ on the ground that the court was without jurisdiction. The Court overruled the motion, whereupon the Commonwealth took the present appeal under the Act of March 5, 1925, P. L. 23.

Subject to the limitations arising from the federal nature of our government and the provisions of the federal Constitution the Commonwealth of Pennsylvania is a sovereign State, and, as such, it cannot be sued except with its own consent: *Merchants' Warehouse Co. v. Gelder*, 349 Pa. 1, 7, 36 A. 2d 444, 447, 448. That consent is conditionally provided by Article I, section 11 of the State Constitution, which says that "Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct." By the Act of March 30, 1811, P. L. 145, 5 Sm. L. 228, the Legislature provided for the adjustment and settlement of claims against the Commonwealth by the Auditor General and the State Treasurer with a right of appeal to the Court of Common Pleas "of the county in which the seat of government shall then be." The Fiscal Code of 1929, P. L. 343, section 1003, continued that procedure; section 1103 granted the claimant a right to have the action of those officials reviewed by the Board of Finance and Revenue and section 1104 gave a right of appeal to the Court of Common Pleas of

Dauphin County and thence to the appellate courts of the State.

By the Act of May 20, 1937, P. L. 728, the Legislature established a new tribunal, the so-called Board of Arbitration of Claims, consisting of three members appointed by the Governor, with jurisdiction to hear and determine claims against the Commonwealth arising from contracts entered into by it. It was expressly provided in section 4 of this act that "The award of the Board of Arbitration shall be final, and no appeal from such award to any court shall be allowed." This prohibition was re-asserted and enlarged upon in section 8: "The action of the Board dismissing said claim or making an award shall be final and no appeal shall lie therefrom." In this respect, therefore, the Act of 1937 differs sharply from the Fiscal Code which provided for a right of appeal.

Where a statute expressly denies the right of appeal to a court from the action of some agency of government, or to an appellate court from the decision of a court of original jurisdiction, to what extent is a disappointed claimant thereby prevented from obtaining a complete judicial review of his claim? After some vacillation by the courts in regard to the proper answer to that question—(as to which see *Rimer's Contested Election. Geary's Appeal,* 316 Pa. 342, 175 A. 544, and *McGettigan's Liquor License Case,* 131 Pa. Superior Ct. 280, 200 A. 213)—the law is now reasonably clear, a distinction being made between the effect of a statute which merely fails to provide for a right of appeal and the effect of one which expressly denies that right. This differentiation apparently had its origin in *Twenty-first Senatorial District Nomination,* 281 Pa. 273, 279, 126 A. 566, 568, in which it was said: "Where, in a statutory proceeding, the legislature fails to provide for an appeal, and because of that omission the action of the tribunal involved is, generally speaking, considered final . . . a certiorari to inspect the record, in the broadest sense

allowed by our cases, may, nevertheless, issue; but where the legislature . . . particularly states that no appeal shall be permitted, then review, beyond determining questions of jurisdiction, cannot be had; and, under circumstances such as those at bar, a certiorari for the latter purpose cannot be broadened into something more extensive, either by our prior rulings on the general subject in hand, or by operation of the Act of April 18, 1919, P. L. 72." [1] The distinction thus made has been reiterated and reinforced in a multitude of subsequent cases holding that where a statute expressly provides that there shall be no appeal the scope of appellate review is limited to the question of jurisdiction and the regularity of the proceedings; the merits of the controversy cannot be considered even though the interpretation given to the facts or the law by the governmental agency or the court below may have been erroneous. [2] It

---

[1] The Act of April 18, 1919, P. L. 72, provided that in cases of an appeal to the Superior or Supreme Court the testimony taken in the lower court should be filed in the proceedings and reviewed by the appellate court as a part of the record with like effect as upon an appeal from a judgment entered upon a verdict of a jury in an action at law, and the appeal so taken should not have the effect only of a certiorari to review the regularity of the proceedings in the court below.

[2] Examples: *Commonwealth v. Cicere*, 286 Pa. 296, 133 A. 795; *White Township School Directors Appeal*, 300 Pa. 422, 150 A. 744; *Commonwealth v. Del Vaccio*, 303 Pa. 519, 154 A. 789; *Rimer's Contested Election. Geary's Appeal*, 316 Pa. 342, 351, 175 A. 544, 547; *Grime v. Department of Public Instruction*, 324 Pa. 371, 188 A. 337; *State Board of Undertakers v. Frankenfield*, 329 Pa. 440, 198 A. 302; *In re Elkland Leather Workers Association, Inc.*, 330 Pa. 78, 198 A. 13; *Carroll's Appeal*, 336 Pa. 257, 9 A. 2d 407; *State Board of Undertakers v. Joseph T. Sekula Funeral Homes, Inc.*, 339 Pa. 309, 312, 14 A. 2d 308, 310; *First Baptist Church of Pittsburgh v. Pittsburgh*, 341 Pa. 568, 573, 20 A. 2d 209, 212; *Beatty v. State Board of Undertakers*, 352 Pa. 565, 43 A. 2d 127; *McGettigan's Liquor License Case*, 131 Pa. Superior Ct. 280, 200 A. 213; *Spankard's Liquor License Case*, 138 Pa. Superior Ct. 251, 10 A. 2d 899; *Shaheens' Liquor License Case*, 145 Pa. Superior Ct. 5, 20 A. 2d 919; *Kimmell Liquor License Case*, 157 Pa. Superior Ct. 59, 41 A. 2d 436; *Blair Liquor License Case*, 158 Pa. Superior Ct. 365, 45 A. 2d 421.

is only where the statute is silent on the question of appeal that a review by certiorari may be had "in the broadest sense" and the court may consider the record, including the testimony, to determine whether the findings are supported by competent evidence and to correct any conclusions of law erroneously made.[3]

In the present case, not only did plaintiff agree in its contract that the decision of the Board of Arbitration should be final, but, as already stated, the Act of 1937 itself, under which the Board functioned, expressly denied the right of appeal to any court. It follows that the Court of Common Pleas of Dauphin County had no appellate jurisdiction over the controversy, there being no question raised as to the regularity of the proceedings before the Board. This denial of a right of appeal may seem, on first blush, unduly harsh, but it must be remembered that, as already stated, the Commonwealth is not obliged to entertain claims against it at all. Moreover the Board of Arbitration, though referred to in the amendatory Act of June 26, 1939, P. L. 1081, section 1, as a "departmental administrative board in the Department of the Auditor General", is in reality itself a judicial body.

The question may naturally be asked: What is the need of thus determining whether the Dauphin County Court had jurisdiction *on appeal* in view of the fact that plaintiff did not in fact appeal from the decision of the Board of Arbitration but, instead, petitioned for a writ of alternative mandamus directed to that body?

---

[3] Examples: *Bangor Electric Co.'s Petition*, 295 Pa. 228, 232, 145 A. 128, 129; *Clarke's Case*, 301 Pa. 321, 326, 152 A. 92, 94; *Commonwealth v. Cronin*, 336 Pa. 469, 474, 475, 9 A. 2d 408, 411; *Bureau of Highway Safety v. Wright*, 355 Pa. 307, 49 A. 2d 783; *Commonwealth v. Hildebrand*, 139 Pa. Superior Ct. 304, 11 A. 2d 688; *Mami's Liquor License Case*, 144 Pa. Superior Ct. 285, 19 A. 2d 549; *Askounes' Liquor License Case*, 144 Pa. Superior Ct. 293, 19 A. 2d 846; *Market Street National Bank of Shamokin v. Coal Township*, 156 Pa. Superior Ct. 182, 39 A. 2d 744; *East Side Democratic Club Liquor License Case*, 160 Pa. Superior Ct. 136, 50 A. 2d 514.

The obvious answer is that, since plaintiff could not, by appeal or writ of certiorari, vest jurisdiction in the court to consider the merits of its case, it cannot, by indirection, in order to accomplish that same object, circumvent the statutory prohibition by resort to some other process. Indeed a writ of mandamus is here especially inappropriate because plaintiff's petition is to have the disallowance of its claim revoked and an award made in its favor for the amount of its claim whereas such a writ may be used only to compel the performance of a purely ministerial or mandatory duty, as, for example, in *Hotel Casey Co. v. Ross,* 343 Pa. 573, 23 A. 2d 737, and *Soble v. Hines,* 347 Pa. 536, 32 A. 2d 742. It is elementary that it cannot be used to control the exercise of discretion or judgment on the part of a public official or an administrative or judicial tribunal; nor to review or compel the undoing of action taken by such an official or tribunal in good faith and in the exercise of legitimate jurisdiction, even though, in fact, the decision rendered may have been wrong; nor to influence or coerce a particular determination of the issue involved; nor to perform the function of an appeal or writ of error even though no appeal or writ of error be permitted by law.[4] The writ, being used here only as a

[4] *American Construction Co. v. Jacksonville, Tampa & Key West Rwy. Co.,* 148 U. S. 372, 379; *In re Rice,* 155 U. S. 396, 403; *Interstate Commerce Commission v. United States,* 289 U. S. 385, 394; 34 Am. Jur. 842, §50; 34 Am. Jur. 856, §68; 34 Am. Jur. 859, §70; 34 Am. Jur. 863, §73; *Commonwealth ex rel. Snyder v. Mitchell,* 82 Pa. 343, 350; *Findley v. City of Pittsburgh,* 82 Pa. 351; *Runkle v. Commonwealth,* 97 Pa. 328, 331, 332; *Commonwealth v. McLaughlin,* 120 Pa. 518, 522, 14 A. 377; *Reese v. Board of Mine Examiners,* 248 Pa. 617, 622, 94 A. 246, 248; *Homan v. Mackey,* 295 Pa. 82, 86, 144 A. 897, 898; *Souder v. Philadelphia,* 305 Pa. 1, 8, 156 A. 245, 247; *Bradycamp v. Metzger, Mayor,* 310 Pa. 320, 165 A. 387; *Schenley Farms Co. v. McGovern,* 312 Pa. 67, 72, 73, 167 A. 779, 781; *Horowitz v. Beamish,* 323 Pa. 273, 185 A. 760; *Matz v. Clairton City,* 340 Pa. 98, 102, 16 A. 2d 300, 302; *Raffel v. Pittsburgh,* 340 Pa. 243, 246, 16 A. 2d 392, 393; *Slessinger v. Fairley,* 340 Pa. 273, 16 A. 2d 710;

veiled substitute for an appeal, should not have been allowed to issue, or, after issuance, should have been quashed, for while, ordinarily, the Court of Common Pleas has jurisdiction over mandamus proceedings directed against public officials or tribunals, in the present case jurisdiction to review the action of the Board of Arbitration was denied it by statutory mandate and that prohibition must prevail regardless of the procedural device by which such review is sought.

Order reversed, and record remanded with direction to quash the writ of alternative mandamus.

*Gretton v. Pittsburgh*, 344 Pa. 219, 25 A. 2d 351: *McCrory v. Philadelphia*, 345 Pa. 154, 158, 27 A. 2d 55, 57; *Anderson v. Philadelphia*, 348 Pa. 583, 586, 587, 36 A. 2d 422, 444; *Morrison v. Pittsburgh*, 351 Pa. 95, 98, 40 A. 2d 406, 407, 408; *Wagner v. Pittsburgh*, 352 Pa. 647, 649, 44 A. 2d 261, 262; *Tanenbaum v. D'Ascenzo*, 356 Pa. 260, 263, 51 A. 2d 757, 758.