## Irvine v. Borough of Mechanicsburg et al.

*James R. Humer*, for plaintiff.

*Edwin M. Blumenthal* and *Addison M. Bowman, Jr.*, for defendants.

GARBER, J., January 29, 1954.—The pleadings in this action consist of a bill in equity upon which a preliminary injunction was granted by the court, an answer which included certain new matter, and a reply by plaintiff to this new matter.

Plaintiff owns and resides in a dwelling house on the northeast corner of East Main and Walnut Streets

in the Borough of Mechanicsburg. Both of these streets are public highways, and all parties are in agreement that the safety of motorists and pedestrians at this intersection requires the installation of traffic control signals there. In front of plaintiff's property on the north side of East Main Street and about 13 feet in from Walnut Street there is a large tree which, many years ago, was planted in a grass plot approximately three feet in width between the sidewalk and the curb. This tree has now grown to considerable size and crowds against the curb and also leans over slightly so that a small portion of its trunk is over the cartway of the street.

The borough applied to the Department of Highways of the Commonwealth of Pennsylvania for a permit to erect electric traffic control signal lights at this intersection, and the Highway Department had an inspection of the intersection made by one of its employes, a traffic engineer. The department refused to issue the permit and defendants' answer avers that the reason for this refusal was the presence of the above-mentioned tree which, according to the answer, was found by the Department of Highways to interfere with vision of one of the proposed traffic control lights. Thereupon the borough took formal action requiring the removal of the tree, and plaintiff then filed this bill.

The bill avers that the tree does not interfere in any way with the use of the streets, or vision of the proposed traffic control signals, and that the borough officials acted capriciously and without justification in requiring removal of the tree. On the other hand defendants aver that the tree is in fact a hazard to traffic at the intersection, that the necessary traffic control signals cannot be installed without permission of the Department of Highways, and that this permission has been denied because of this tree and will con-

tinue to be denied until the tree is removed, when the requisite permission will be granted.

Hearing was had on November 18, 1953, and from the admissions in the pleadings and the evidence, the chancellor makes the following

## Findings of Fact

1. The Borough of Mechanicsburg, Cumberland County, Pa., is a municipal corporation under the laws of the Commonwealth of Pennsylvania.

2. East Main Street and Walnut Street are public highways in the borough, the former lying generally east-west in direction and the latter in a generally north-south direction, and the two streets intersect.

3. Both streets are State highways, Main Street being Route No. 641, and Walnut Street being Legislative Route No. 21051.

4. Plaintiff, Naomi L. Irvine, is the owner of certain real estate located at the northeast corner of the intersection of the two streets, improved with a three-story brick dwelling house, known as No. 301 East Main Street, and at least since 1856 described in deeds of conveyance as running to the curb line on both streets.

5. At the eastern side of the intersection, East Main Street is 60 feet in width, consisting of a cartway 37 feet in width, a sidewalk area on the north side of the street approximately 10 feet in width, consisting of a concrete walk 7 feet wide and a grass plot about 3 feet in width, and a sidewalk area on the southerly side of the street approximately 13 feet wide.

6. At the north side of the intersection the cartway area of Walnut Street is 31.5 feet between curbs, and the sidewalk area on the westerly side of the street opposite plaintiff's dwelling is approximately 8.3 feet in width, and on the easterly side at plaintiff's property 8.5 feet in width, consisting of a concrete walk of four feet and a grass plot between the sidewalk and the curb approximately 4.5 feet wide.

7. In front of the aforementioned dwelling house of plaintiff in the grass plot between the sidewalk and curb on East Main Street, there is a tree approximately 12.5 feet east of the east curb line of Walnut Street and four feet easterly from the eastern line of the cross walk provided for pedestrians crossing East Main Street.

8. The circumference of this tree at its base is 7.6 feet, and at a point 5.6 feet above ground it overhangs the cartway by .4 of a foot.

9. It has been properly established that the safety of operators of motor vehicles and of pedestrians at the aforementioned intersection requires the installation of traffic control signal lights there, and this fact is admitted in the pleadings of both plaintiff and defendants.

10. The Borough of Mechanicsburg applied to the Department of Highways of the Commonwealth of Pennsylvania for a permit to install traffic control signal lights at this intersection.

11. This application of the borough was refused by the Department of Highways because the department determined that the hereinbefore described tree interfered with proper vision of one of the proposed traffic lights at that corner, so that the same would not be visible to traffic approaching the intersection from the east for a distance of at least 300 feet, which is the minimum sight distance provided by the regulations of the Department of Highways.

12. The Department of Highways by its employes made an inspection of the intersection and determined that the maximum sight distance of the proposed signal to be erected on the north side of East Main Street immediately west of the western line of North Walnut Street would be 260 feet.

13. The Department of Highways, acting through its employes, further determined that the object which

so reduced vision of the proposed signal was the hereinbefore described tree on the property of plaintiff and, therefore, required the removal of the tree as a condition to issuing a permit to the borough for the installation of traffic signals at the aforesaid intersection.

14. Effective regulations covering location of traffic signals, as adopted by the Secretary of Highways of the Commonwealth, provide that traffic signals such as here planned must be clearly visible to approaching traffic for a minimum distance of 300 feet.

15. The Department of Highways of the Commonwealth of Pennsylvania has represented to the Borough of Mechanicsburg that it will issue the requisite permit immediately upon removal of the aforesaid tree.

16. On September 14, 1953, the Borough Council of Mechanicsburg took formal action requiring removal of the tree and thereafter demanded that plaintiff remove the tree and threatened that if plaintiff failed to do so, the borough would remove it, and plaintiff refused to remove the tree, and on September 25th filed the present bill in equity upon which a preliminary injunction was granted enjoining defendants from removal of the tree pending further action.

*Discussion*

In the year 1840, in the Case of the Philadelphia and Trenton Railroad Company, 6 Wharton 25, Chief Justice Gibson pointed out that in England the highways were the property of the King as universal trustee, and that in Pennsylvania the highways were the property of the people, not of a particular district, but of the whole State, and that being universally the property of the State are subject to its absolute direction and control. The advent of the automobile revolutionized traffic upon the highways of the State. Many municipalities adopted their own police regulations governing the operation of this new and frightening

machine. These regulations varied greatly and, there being many horses and few automobiles, it was only natural that many of them were stringent and unreasonable. In this situation the legislature adopted the Act of April 27, 1909, P. L. 265, exercising its supreme power over the highways by limiting the authority of municipalities to ordain regulations not inconsistent with the uniform code. In Applewold Borough v. Dosch 51 Pa. Superior Ct. 152, 156 (1912), the court pointed out that "The modern vehicle has a much wider field of action (than horsedrawn vehicles), and is capable of traversing the state from end to end in a single day", and reasoned that this essential difference between motor vehicles and horsedrawn vehicles rendered it desirable that the State should impose upon the operation of the former regulations which should be uniform throughout the Commonwealth.

This need for uniformity in traffic control regulations, signs and signals is now universally recognized, and could not be doubted in this day when over 50,000,-000 motor vehicles operate throughout our country.

The Vehicle Code of May 12, 1949, P. L. 1295, 75 PS §681, provides that the Secretary of Highways of the Commonwealth shall make and publish regulations for the design, location and operation of traffic signs, signals and markings, and that the same shall conform with the "Manual on Uniform Traffic Control Devices adopted by the Joint Committee of the American Association of State Highway Officials, the Institute of Traffic Engineers, and the National Conference on Street and Highway Safety", published in August 1948. This act requires local authorities to follow the uniform regulations so provided. The same code, 75 PS §686, provides: "Before local authorities, except in cities of the first and second class, shall erect or cause to be erected traffic signals, they must first obtain the approval of the Secretary of Highways of this Com-

monwealth," and provides a fine of $100 for any borough official who causes to be erected and operated any traffic signal in violation of this provision.

In the present case all parties in interest agree that traffic signals at this intersection are necessary. The law is clear, and undisputed in this action, that the borough may not erect the necessary signals without permission from the Secretary of Highways of the Commonwealth. The borough made application for such permission. Responding to this application, the Department of Highways sent out one of its traffic engineers who, after inspecting the site, found that the necessary unobstructed view of the proposed signal on the north side of Main Street immediately west of Walnut Street, as required by the regulations of the department, to which he testified without objection or contradiction, could not be obtained without removal of the tree in front of plaintiff's property. The department so advised the borough and refused the requested permit. From the foregoing it appears clear that the borough did not act capriciously in requiring removal of plaintiff's tree.

Plaintiff recognizes the borough's dilemma but urges that the Department of Highways has acted unreasonably and capriciously and that the borough should have brought an action of mandamus to require the department to issue the permit without requiring removal of the tree. We very much doubt whether such action would lie in the circumstances of this case. In Kaufman Construction Company v. Holcomb et al., 357 Pa. 514, 520, the court said:

"It is elementary that it (mandamus) cannot be used to control the exercise of discretion or judgment on the part of a public official or an administrative or judicial tribunal; nor to review or compel the undoing of action taken by such an official or tribunal in good faith and in the exercise of legitimate jurisdiction, even

though, in fact, the decision rendered may have been wrong. . . ."

In Anderson v. Philadelphia et al., 348 Pa. 583, it was held that mandamus can issue only where defendant has failed to perform a ministerial duty in the performance of which the exercise of neither judgment nor discretion is involved. The legislature has delegated to the Secretary of Highways of the Commonwealth the duty of controlling the erection of traffic control signals throughout the Commonwealth, and both judgment and discretion are necessarily involved in the carrying out of those duties.

We are not unconscious of our duty to protect all persons against oppressive and arbitrary action, and particularly to protect this plaintiff against such action, whether by the borough or the Department of Highways: Breinig et ux., v. Allegheny County et al., 332 Pa. 474. However, we may so interfere only when the exercise of power by a regulatory body is manifestly unreasonable, arbitrary or discriminatory, and the action of the officers patently unreasonable or oppressive: Id. 483. There is a presumption in law that both the borough officials and the officials of the Department of Highways have acted lawfully and in the exercise of sound discretion in the discharge of the public trust committed to their keeping: Shuck et ux., v. Ligonier Borough, 343 Pa. 265. We can find nothing in the present case sufficient to overcome this presumption. We have carefully reviewed the testimony, seen the tree ourselves, and studied the photographs offered by both plaintiff and defendants. We conclude that reasoning minds might well disagree as to whether or not the subject tree creates a traffic hazzard and would interfere with visibility of the proposed signal controlling traffic westbound on Main Street. We note that The Vehicle Code, 75 PS §686(e), provides that "All traffic signals shall be so located as to be plainly

visible to all traffic to be regulated". This is certainly a reasonable provision and necessary to the safety of motorists, for clearly a traffic control signal which is obscured from view is worse than no signal.

We cannot find that either the Department of Highways or any of the defendants has abused the discretion entrusted to these regulatory bodies by the law of the Commonwealth.

For the reasons given in the discussion and upon the findings of fact, the chancellor adopts the following

*Conclusions of Law*

1. The Borough of Mechanicsburg cannot install traffic control signal lights in the borough without first receiving a permit so to do from the Department of Highways of the Commonwealth of Pennsylvania.

2. The action of the Department of Highways of the Commonwealth in requiring removal of the tree in front of plaintiff's property as described in the findings of fact, as a condition precedent to issuance of a permit to the Borough of Mechanicsburg to erect traffic control signal lights at the intersection of East Main and Walnut Streets in the borough, did not constitute abuse of discretion or the exercise of arbitrary will or caprice, and was within the authority vested in the department by The Vehicle Code.

3. The Borough of Mechanicsburg has authority, subject to first obtaining permission from the Department of Highways, to erect traffic control signal lights at the intersection of East Main and Walnut Streets in the borough.

4. The action of the Council of the Borough of Mechanicsburg in requiring removal of the tree described in the findings of fact was neither arbitrary nor capricious, and was founded upon the exercise of sound and sincere discretion and was within the au-

thority vested in the borough by the law of the Commonwealth.

5. The following decree nisi should be, and is, now entered:

And now, January 29, 1954, at 2:15 p.m., it is ordered, adjudged, and decreed that the bill in equity be, and the same is hereby dismissed, and the preliminary injunction granted thereon is hereby dissolved.

The prothonotary is directed to mark this adjudication filed, thereafter to become part of the record in this case, and to give counsel in the case notice of the filing of this decree nisi, and that unless exceptions thereto are filed within 20 days after such notice, this decree nisi shall be entered as of course by the prothonotary as the final decree.