## Manber Corp. License

*Benjamin Donolow*, for appellant.

*Russell C. Wismer*, Deputy Attorney General, for Commonwealth.

HAGAN, J., February 9, 1956.—The Manber Corporation, trading as The Glass Door (hereinafter referred to as "licensee"), is the holder of a restaurant liquor license issued by the Pennsylvania Liquor Control Board (hereinafter referred to as the "board"), and also holds an amusement permit issued by the board.

On August 5, 1955, the board issued a citation against the licensee to show cause why its restaurant liquor license and also its amusement permit should not be revoked. This citation charged licensee with permitting lewd, immoral and improper entertainment on the licensed premises. The hearing on this citation was held before an examiner of the board on September 23, 1955, at which time testimony was

taken on behalf of the board in support of the citation and also on behalf of the licensee. As a result of the testimony taken at this hearing, the board issued an order on December 12, 1955, suspending only the amusement permit of the licensee for a period of 30 days beginning January 10, 1956, and ending February 9, 1956.

On January 4, 1956, the licensee filed an appeal to this court denying that any lewd, immoral and improper entertainment was ever permitted on the licensed premises and alleging that the board abused its discretion in suspending the amusement permit. On January 12, 1956, the board filed a petition and rule to show cause why the appeal of the licensee should not be quashed, on the ground that the licensee had no legal authority to appeal from the suspension of an amusement permit, and the matter is now before us upon this rule.

At this stage of the proceedings, the court is not concerned with the merits of the appeal, and the only question before the court is whether or not there exists the right of appeal from an order of the board suspending a licensee's amusement permit.

The board's power to issue amusement permits stems from section 493(10) of the Liquor Code of April 12, 1951, P. L. 90, 47 PS §4-493(10), which provides, inter alia:

"It shall be unlawful . . . (10) For any licensee, his servants, agents or employes, except club licensees, to permit in any licensed premises or in any place operated in connection therewith, dancing, theatricals or floor shows of any sort, or moving pictures other than television, or such as are exhibited through machines operated by patrons by the deposit of coins, which project pictures on a screen not exceeding in size twenty-four by thirty inches and which forms part of the machine, unless the licensee shall first have

obtained from the board a special permit to provide such entertainment, or for any licensee, under any circumstances, to permit in any licensed premises any lewd, immoral or improper entertainment regardless of whether a permit has been obtained or not. The board shall have power to provide for the issue of such special permits, and to collect a fee for such permits equal to one-fifth of the annual license fee but not less than twenty-five dollars ($25). All such fees shall be paid into the State Stores Fund. No such permit shall be issued in any municipality which, by ordinance, prohibits amusements in licensed places. Any violation of this clause shall, in addition to the penalty herein provided, subject the licensee to suspension or revocation of his permit and his license."

It will be noted that this section makes no mention of a right of appeal from the suspension or revocation of an amusement permit.

Section 471 of the Liquor Code, 47 PS §4-471, deals with the suspension and revocation of liquor licenses and provides a procedure for an appeal from a decision of the board suspending or revoking a liquor license to the quarter sessions court and from there to the Superior Court. This section, however, makes no mention of a right of appeal from the suspension or revocation of an amusement permit, nor is any reference to this subject to be found in other sections of the Liquor Code.

It is apparent, therefore, that a licensee can have its liquor license and/or its amusement permit suspended or revoked for permitting lewd, immoral and improper entertainment on a licensed premises; that if the board suspends or revokes the liquor license, the code specifically provides for the right of appeal, but that if the board suspends or revokes the amusement permit, the code is silent as to the right of appeal, that is, it neither grants nor denies such a right.

It may be noted in passing that the board has promulgated a regulation dealing with the suspension or revocation of amusement permits, section 110.03, which concludes as follows: "The action of the board in suspending or revoking an amusement permit shall be final." While there is no question as to the power of the board to promulgate valid regulations, it is equally clear that an administrative agency having a quasi-judicial function cannot make its decisions final by the simple expedient of declaring them to be so.

The law with respect to the right of an appeal where none has been provided by statute, although at one time in a state of confusion, has been clarified in the case of Kaufman Construction Co. v. Holcomb, 357 Pa. 514, where the court, after reviewing many of the previous decisions, held, at pages 518-19, that: ". . . where a statute expressly provides that there shall be no appeal the scope of appellate review is limited to the question of jurisdiction and the regularity of the proceedings; the merits of the controversy cannot be considered even though the interpretation given to the facts or the law by the governmental agency or the court below may have been erroneous. It is only where the statute is silent on the question of appeal that a review by certiorari may be had 'in the broadest sense' and the court may consider the record, including the testimony, to determine whether the findings are supported by competent evidence and to correct any conclusions of law erroneously made." See, also, Delaware County National Bank v. Campbell, 378 Pa. 311; Philadelphia Saving Fund Society v. Banking Board of Pennsylvania, 383 Pa. 253.

Therefore, since the Liquor Code does not expressly provide that there shall be no appeal from a decision of the board suspending or revoking an amusement permit, certiorari may be had in its broadest sense, and

this court may consider licensee's appeal upon the record, including the testimony adduced before the board, in order to determine whether the board's decision suspending licensee's amusement permit is supported by the law and the evidence.

For the foregoing reasons, the rule to show cause why the appeal filed in this matter should not be quashed is discharged.